Woodrow **WILSON**, Appellant,

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee, at Nashville.

Dec. 22, 1994.

Permission to Appeal Denied by Supreme Court April 10, 1995.

---

Judith E. Beasley, Stewart, Estes & Donnell, Nashville, for appellant.

Charles W. Burson, Atty. Gen. and Reporter, Eugene J. Honea, Asst. Atty. Gen., Criminal Justice Div., Victor S. Johnson, Dist. Atty. Gen., Renee Erb, Asst. Dist. Atty. Gen., Nashville, for appellee.

## *OPINION*

WELLES, Judge.

This is an appeal as of right from the trial court's denial of post-conviction relief from convictions based upon guilty pleas. The Defendant pled guilty to two counts of aggravated sexual battery. The Defendant argues two issues on this appeal: (1) that his guilty pleas were not entered voluntarily, understandingly and knowingly, and (2) that he was denied the effective assistance of counsel. We affirm the judgment of the trial court.

The Defendant was indicted by the Davidson County Grand Jury for eight counts of aggravated rape. On August 10, 1989, the Defendant entered a "best interest" guilty plea to each of two counts of aggravated sexual battery. He received two concurrent twenty year sentences.

The Defendant subsequently filed a petition for post-conviction relief. The trial judge appointed counsel to represent Defendant on his post-conviction proceeding and subsequently the post-conviction petition was amended. The trial judge, after conducting an evidentiary hearing, denied the Defendant relief on his post-conviction petition. It is the order of the trial court denying the Defendant post-conviction relief from which the Defendant appeals.

The Defendant argues that his guilty pleas were not made voluntarily, understandingly and knowingly because: (1) the pleas were not entered in accordance with the requirements of *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and that he was unaware of his right not to be required to testify and (2) that he was unaware that in order to be considered for parole, he would have to complete a sex offenders treatment program which required him to admit that he had actually committed the crimes with which he was charged. He further argues that he received ineffective assistance of counsel.

In *Boykin*, the United States Supreme Court held that the record must show that a guilty plea was made voluntarily, understandingly and knowingly. 395 U.S. 238, 242, 89 S.Ct. 1709, 1711–12, 23 L.Ed.2d 274

(1969). If a guilty plea is not voluntary and knowing, it has been entered in violation of due process and is, therefore, void. The record must show an understanding of a waiver of three important federal constitutional rights: (1) the privilege against compulsory self incrimination guaranteed by the fifth amendment, (2) the right to trial by jury and (3) the right to confront one's accusers.

In the case *sub judice*, the record of the guilty plea proceedings reflects that the trial judge first addressed the Defendant individually. The judge asked the Defendant if he had gone over the charges with his attorney, if he had discussed with his attorney in detail the facts upon which the charges are based and if he felt that he fully and completely understood the charges against him. To each of these inquiries, the Defendant responded "yes, sir". The court further asked the Defendant if he had any questions about the charges whatsoever to which the Defendant responded "no, sir".

Subsequently, the record reflects that the trial court addressed questions to the Defendant and two codefendants simultaneously. First, the court stated:

> THE COURT: Now, I'm going to ask the three of you some questions at the same time. And I know that this is a little bit awkward, but I ask you to respond to my questions so that the court reporter can hear your answers. If you have any questions about anything that I ask don't hesitate to stop me and ask me about it, because I want to make sure that you understand your constitutional rights. If you'd like to talk to your lawyer further, again don't hesitate to stop me and ask me for that opportunity and I'll be glad to give you that opportunity. I will address each one of you again individually before you're called upon to enter your pleas.

The record then reflects the following:

> THE COURT: Do all three of you understand that as to the charges against you, you have the right to plead not guilty and the right to trial by jury?
>
> (All defendants respond in the affirmative.)
>
> THE COURT: All right. Do you understand that at that trial by jury you have

the right to be represented by an attorney; you have the right to confront and cross-examine the State's witnesses; you have the right to put on your own witnesses; you have the right to testify yourself, or you could exercise your constitutional right to remain silent and the fact that you do not testify could not be used against you? Do the three of you understand those rights?

(All defendants respond in the affirmative.)

THE COURT: Do you understand that by pleading guilty that you're going to be waiving or giving up those rights, as well as giving up your right to trial by jury?

(All defendants respond in the affirmative.)

Subsequently, the court addressed the Defendant individually in the following exchange:

THE COURT: Now, Mr. Wilson, you have submitted to me a written petition to enter a plea of guilty and you signed that written petition. Did you carefully read this petition?

MR. WILSON: Yes, sir.

THE COURT: Did you go over it with Ms. Freeman?

MR. WILSON: Yes, sir.

THE COURT: Did you understand what you read?

MR. WILSON: Yes, sir.

THE COURT: How much education do you have?

MR. WILSON: I have a G.E.D., sir.

THE COURT: All right. Have you had any problems understanding anything that Ms. Freeman has explained to you or told you about this case?

MR. WILSON: No.

THE COURT: Is there anything that you wanted your lawyer to do that hasn't been done?

MR. WILSON: No, Your Honor.

THE COURT: Do you have any questions whatsoever about the disposition of this case?

MR. WILSON: No, Your Honor.

The court again addressed the Defendant individually as follows:

THE COURT: All right. Mr. Wilson, would you please stand? Mr. Wilson, did you listen to the facts related by the Assistant District Attorney General?

MR. WILSON: Yes, Your Honor.

THE COURT: Now, I'm not going to ask you—because this is a best interest plea I'm not going to ask you whether those facts are true or not. But I will ask you this: Do you understand that the State, or the prosecution, believes that it can prove those facts?

MR. WILSON: Yes, sir.

THE COURT: And, I take it, that you have discussed those facts, as well as other facts, in detail with your lawyer.

MR. WILSON: Yes, Your Honor.

THE COURT: And you understand you have a right to trial by jury, with all the rights that I have explained to you here this morning.

MR. WILSON: Yes ...

THE COURT: Okay. Have you decided, however, to plead guilty?

MR. WILSON: Yes, Your Honor.

THE COURT: Okay. Explain to me why you decided to plead guilty?

MR. WILSON: I think it's in my best interest, Your Honor.

While review of *Boykin* violations has been alluded to as being subject to substantial compliance and harmless error scrutiny, the Tennessee Supreme Court has stated, "we did not mean to adopt a substantial compliance doctrine that would be anything less than full compliance with the heretofore set out requirements. While absolutely literal compliance with the advice to be given is not required, expressing the sense of the substance of the required advice to a guilty-pleading defendant is. That would be substantial compliance." *State v. Neal,* 810 S.W.2d 131, 137 (Tenn.1991).

In *Neal,* the court further stated "[it] is substantial compliance if the entire litany of rights and other required explanatory information communicated in open court simultaneously to multiple defendants in the presence of their respective attorneys, so long as the number involved is not so great as to

make individual understanding unlikely; and provided that each defendant is addressed individually to establish on the record the understanding and agreement of each defendant." *Id.* at 137–38.

In addition to the above proceedings, the Defendant signed and filed a "petition to enter plea of guilty" (best interest), as referenced by the trial court while questioning the Defendant. Defendant's counsel for the guilty plea testified at the post-conviction hearing that her notes indicated that she went over the plea petition with the Defendant for half an hour. She further stated that her practice was then and is now, to read the guilty plea petition aloud whether the client can read or not and stop to talk about each phrase and what it means.

■ Based upon the entire record, we conclude that the trial court substantially complied with the *Boykin* requirements at the time the Defendant entered his guilty pleas. "Substantial compliance is not error. Where there is substantial compliance the root purpose of the prescribed litany has been served and the guilty plea passes due process scrutiny because it was made voluntarily and understandingly." *Neal,* 810 S.W.2d at 138.

Even though we find substantial compliance with the *Boykin* requirements, the better practice for the trial court, when simultaneously addressing multiple defendants, would be to elicit separate responses from each defendant.

The Defendant also argues that his guilty plea was not made voluntarily, understandingly and knowingly in that he was not told that in order to be eligible for parole, he would have to successfully complete a sex offenders treatment program that required him to admit that he had actually committed the crimes with which he was charged. In this regard, he points out that his guilty pleas were "best interest" pleas.

■ Tennessee Code Annotated section 41–21–235 directs the Department of Correction to develop a sexual abuse treatment program for sex offenders and require successful participation and completion of such program as a requirement for parole by sex offenders. Tenn.Code Ann. section 41–21–

235 (1990). The statute does not require that the inmate admit his guilt as a part of the treatment program, but the petitioner alleges that the program itself requires an admission that he actually performed the acts.

■ The trial court was not required to advise this Defendant concerning his parole eligibility or the requirements that he must meet in order to be considered for parole. The provision about which the Defendant complains is not contained in the statute but apparently is a part of the treatment program developed by the Department of Correction. Having concluded that the Defendant's guilty plea was voluntarily, understandingly and knowingly made, we find this issue to be without merit.

The Defendant next argues that he received the ineffective assistance of counsel prior to and during the entry of his guilty plea.

The Defendant argues that he received ineffective assistance of counsel because: (1) counsel did not discuss parole eligibility with the Defendant nor did she discuss the fact that he would be required to go through a treatment program which would require him to admit that he performed the criminal acts as a condition of parole release eligibility and (2) counsel had not prepared or discussed with the Defendant an adequate defense which gave the Defendant any hope that he would be able to successfully defend himself at trial.

■ The test to determine whether or not counsel provided effective assistance at trial is whether or not his performance was within the range of competence demanded of attorneys in criminal cases. *Baxter v. Rose,* 523 S.W.2d 930, 936 (Tenn.1975). Under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 *reh'g denied,* 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864 (1984), there is a two-prong test which places the burden on the appellant to show that (1) the representation was deficient, requiring a showing that counsel made errors so serious that he was not functioning as "counsel" as guaranteed a defendant by the Sixth Amendment, and (2) the deficient representation

prejudiced the defense to the point of depriving the defendant of a fair trial with a reliable result. 466 U.S. at 687, 104 S.Ct. at 2064. To succeed on his claim, the appellant must show that there is a "reasonable probability," which is a probability sufficient to undermine confidence in the outcome that, but for the counsel's unprofessional errors, the results of the proceeding would have been different. *Id.* at 694, 104 S.Ct. at 2068. The burden rests on the appellant to prove his allegations by a preponderance of the evidence. *Long v. State,* 510 S.W.2d 83, 86 (Tenn.Crim.App.1974). We also do not use the benefit of hindsight to second-guess trial strategy by counsel and criticize counsel's tactics. *Hellard v. State,* 629 S.W.2d 4, 9 (Tenn.1982).

In *Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), the Supreme Court applied the *Strickland* two-part standard to ineffective assistance of counsel claims arising out of the plea process. The Court in *Hill* modified the "prejudice" requirement by stating that "the defendant must show that there is a reasonable probability that, but for counsel's errors he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59.

We note that the Defendant cites no authority to support his argument that counsel's actions in regard to the parole issue constituted ineffective assistance of counsel.

In *Howell v. State,* 569 S.W.2d 428 (Tenn. 1978), the Defendant pleaded guilty to two charges of first degree murder. He said his attorney mistakenly told him that he would be eligible for parole earlier if he received two life sentences instead of two 35–year sentences. 569 S.W.2d 428, 430 (Tenn.1978). The Tennessee Supreme Court stated:

> Both the trial judge and defense counsel were dealing with what the majority opinion of this Court in *Farris v. State,* 535 S.W.2d 608 (Tenn.1976), classified as a "highly specialized area" of the law, and one in which "few practicing attorneys, otherwise knowledgeable in criminal law,

or judges at any level" have a complete understanding. We cannot, and do not, hold, under these circumstances, that counsel was incompetent.

*Id.* at 435.

In the case *sub judice,* we are unable to conclude that the failure of the Defendant's attorney to advise him of the required program of the Department of Correction prior to parole release eligibility constituted ineffective assistance of counsel. The requirement that the Defendant admit his guilt as a part of the program is not statutory. The requirements of that particular program could easily change from time to time.

Even if failure to so advise the Defendant was ineffective assistance of counsel, the record does not support a conclusion that the Defendant was prejudiced by counsel's actions. He has not shown that there is a reasonable probability that, but for counsel's errors he would not have pleaded guilty and would have insisted on going to trial.

Finally, this record clearly supports the trial court's finding that defense counsel adequately investigated the facts of this offense, interviewed witnesses, and advised the Defendant fully concerning the charges against him. The Defendant has also failed to demonstrate any prejudice in regard to counsel's investigation and preparation.

We conclude from this record that the Defendant's argument that he received ineffective assistance of counsel is without merit.

The judgment of the trial court is affirmed.

TIPTON, J., and STEPHEN M. BEVIL, Special Judge, concur.