**Donald F. WALTON, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of
Tennessee, at Nashville.

Jan. 30, 1997.

Richard D. Piliponis, Nashville, for Appellant.

Charles W. Burson, Attorney General and Reporter, Lisa A. Naylor, Assistant Attorney General, Criminal Justice Division, Victor S. (Torry) Johnson, III, District Attorney General, Kymberly L. Haas, Asst. Dist. Attorney General, Nashville, for Appellee.

## OPINION

SUMMERS, Judge.

The appellant, Donald F. Walton, pled guilty to one count of second degree murder and one count of especially aggravated robbery. He was sentenced to 25 years on each count. The sentences were ordered to run consecutively for an effective sentence of 50 years. He filed a *pro se* petition for post-conviction relief alleging ineffective assistance of counsel. He was appointed an attorney and an amended petition was filed. In his amended petition, the appellant alleged that his trial counsel erroneously informed him that he could make parole after serving approximately 7½ years in confinement.

At his post-conviction hearing, the appellant's trial counsel denied that he had given such advice. The appellant and both of his parents testified that his trial counsel did in fact give him this advice and that the appellant used this information in making his decision to plead guilty. The trial court denied the petition. After reviewing the record, we reverse the decision of the trial court and remand this case for determination of the factual allegations made by the appellant.

The test to determine whether or not counsel provided effective assistance at trial is whether or not his or her performance was

within the range of competence demanded of attorneys in criminal cases. *Baxter v. Rose,* 523 S.W.2d 930, 936 (Tenn.1975); *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 *reh'g denied,* 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864 (1984). Under *Strickland* there is a two-prong test which places the burden on the appellant to show that (1) the representation was deficient, and (2) the deficient representation prejudiced the defense to the point of depriving the defendant of a fair trial with a reliable result. *Id.* at 687, 104 S.Ct. at 2064.

In *Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), the Supreme Court applied the *Strickland* two-part standard to ineffective assistance of counsel claims arising out of the plea process. The Court in *Hill* modified the "prejudice" requirement and stated that "the defendant must show that there is a reasonable probability that, but for counsel's errors he would not have pled guilty and would have insisted on going to trial." *Id.* at 59, 106 S.Ct. at 370.

In the present case, the trial judge stated that he was denying the appellant's petition based upon his failure to show that his trial counsel was incompetent. The trial judge based his decision on two cases: *Wilson v. State,* 899 S.W.2d 648, 653 (Tenn.Crim.App. 1994) and *Howell v. State,* 569 S.W.2d 428 (Tenn.1978). The trial judge stated that both of these cases stand for the proposition that improper advice relating to a defendant's parole eligibility date could not form the basis of an ineffective assistance of counsel claim. We respectfully disagree.

In *Wilson,* this Court held that trial counsel's failure to discuss parole eligibility with the defendant did not amount to ineffective assistance. *Wilson,* however, is distinguishable from the instant case. In *Wilson,* the defendant's counsel made no assertion regarding parole. Here, the appellant alleges

that his trial counsel made an affirmative misstatement regarding his parole eligibility date.

In *Howell,* the Tennessee Supreme Court held that parole is a "highly specialized area" of the law and misstatements of parole eligibility could not, under the factual circumstance presented for review, form the basis for an ineffective assistance of counsel claim. We find *Howell* to be fact specific. Further, *Howell* was decided before the *Hill v. Lockhart* decision.[1] We find that erroneous advice regarding parole that induces a defendant to forego his or her right to a jury trial can be used to establish a claim for ineffective assistance. If the appellant can establish that his trial counsel did in fact erroneously advise him that he would become eligible for parole in 7½ years, he can satisfy the first prong requirement under *Strickland.* Once established, the burden still remains on the appellant to show that but for trial counsel's erroneous advice he would have not pled guilty. Even if counsel's advice was erroneous but, nevertheless, the appellant would have been wise to plead guilty, a defendant has the right to make a knowing, unwise decision. This Court, or any court for that matter, cannot protect defendants from themselves when it comes decision time.

We find that this case should be remanded back to the trial court. The judge should factually determine whether or not the appellant actually received erroneous advice.[2]

BARKER and RILEY, JJ., concur.

---

1. This case was decided in 1978 before judge sentencing was enacted in Tennessee.

2. We realize that this decision may appear to be an unnecessary use of judicial resources. We do note, however, that we are a court of review and

are limited to facts contained in the record. If, upon remand, the trial judge finds that the appellant is not credible and that his trial counsel did not give erroneous advice, the first prong of *Strickland* would not be satisfied. The appellant's petition could then be properly denied.