IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

JANUARY 1997 SESSION



FILED

**May 29, 1997**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | | |
|---|---|---|
| RICHARD DUANE CARROLL, | ) | No. 03C01-9603-CR-00139 |
| | ) | |
| Appellant | ) | |
| | ) | HAMILTON COUNTY |
| V. | ) | |
| | ) | HON. DOUGLAS A. MEYER, |
| STATE OF TENNESSEE, | ) | JUDGE |
| | ) | |
| Appellee. | ) | (Post-Conviction) |
| | ) | |
| | ) | |

For the Appellant:

Gregory D. Smith
One Public Square
Suite 321
Clarksville, TN 37040
(On appeal)

William A. Dobson, Jr.
Assistant Public Defender
701 Cherry Street
Suite 300
Chattanooga, TN 37402
(At hearing)

For the Appellee:

John Knox Walkup
Attorney General and Reporter

Clinton J. Morgan
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

William H. Cox, III
District Attorney General

Leland Davis
Assistant District Attorney
600 Market Street
Suite 310
Chattanooga, TN 37402

OPINION FILED: _____

AFFIRMED

William M. Barker, Judge

**OPINION**

The appellant, Richard Duane Carroll, appeals as of right the denial by the Hamilton County Criminal Court of his petition for post-conviction relief. Appellant's only issue on appeal is whether he received the effective assistance of counsel prior to entering his plea of guilty. Finding no merit to appellant's claims, we affirm the trial court's denial of relief.

Appellant was indicted for the first-degree premeditated murder of Ronald Potter. Apparently, appellant was living with the victim's mother and shot the victim late one night inside the trailer where they were living. The victim was shot once between the eyes and appellant fled the scene in his van.

Pursuant to a plea agreement, appellant pled guilty to second degree murder on October 4, 1994. The plea agreement recommended a sentence of fifteen to twenty years with twenty years being the maximum sentence that appellant could receive. The trial court later sentenced appellant to the agreed upon maximum as a Range I offender.

Appellant filed his *pro se* post-conviction petition on June 1, 1995, alleging the ineffective assistance of counsel. After the appointment of counsel, an amended petition was filed alleging the same ground for relief. In the petition, appellant claimed that counsel failed to interview the witnesses he suggested, advised him incorrectly about the law of self-defense, and that counsel generally failed to prepare for trial or investigate appellant's case. At the evidentiary hearing, appellant's specific complaints were that counsel did not talk with him enough before the plea and that he failed to inform him of the State's proof. More importantly, he stated that the crux of his petition was that counsel failed to interview certain witnesses who had information concerning the victim's character.

After hearing appellant's testimony and comparing it with the testimony of his former counsel, the trial court remarked that a decision on appellant's petition rested

2

upon the credibility of the witnesses. It recognized that the State's proof against appellant was strong, but acknowledged counsel's willingness to take appellant's case to trial had he chosen to do so. The court then found that counsel's testimony was more credible and that counsel provided effective assistance.

In reviewing the appellant's Sixth Amendment claim of ineffective assistance of counsel, this Court must determine whether the advice given or services rendered by the attorney are within the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). To prevail on a claim of ineffective counsel, an appellant "must show that counsel's representation fell below an objective standard of reasonableness" and that this performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687-88, 692, 694, 104 S.Ct. 2052, 2064, 2067-68, 80 L.Ed.2d 674 (1984); Best v. State, 708 S.W.2d 421, 422 (Tenn. Crim. App. 1985). The inability to prove either prong results in failure of the claim. See Strickland, 466 U.S. at 697.

The most difficult burden on an appellant is demonstrating the prejudice he has suffered by the alleged error. In order to prevail on that ground, the appellant must show a reasonable probability that but for counsel's error the result of the proceeding would have been different. Id. In the context of a guilty plea, the appellant must show that but for counsel's errors he would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 53, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). See also Wade v. State, 914 S.W.2d 97, 101 (Tenn. Crim. App. 1995), perm. to appeal denied (Tenn. 1995); Wilson v. State, 899 S.W.2d 648, 653 (Tenn. Crim. App. 1994), perm. to appeal denied (Tenn. 1995).

In order to sustain his post-conviction petition, the appellant must prove his allegations of fact by clear and convincing evidence. Tenn. Code Ann. §40-30-210(f) (Supp. 1996). Upon review, this Court cannot re-weigh or re-evaluate the evidence. We give deference to questions about the credibility of the witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence as

3

they are resolved by the trial court. Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990). Furthermore, the factual findings of the trial court are conclusive on appeal unless the evidence preponderates against the judgment. Id. See also Davis v. State, 912 S.W.2d 689, 697 (Tenn. 1995) (citations omitted); Cooper v. State, 849 S.W.2d 744, 746 (Tenn. 1993) (citation omitted).

According to appellant, his main contention is that counsel failed to interview certain witnesses who could have provided information about the victim's character. The petition names five witnesses who would have provided such information. Appellant argues that such information was highly relevant to a theory of self-defense. He does admit, however, that these witnesses were not present when the shooting occurred and could not have provided any firsthand accounts of the incident.

Appellant's counsel from the guilty plea hearing testified that appellant did provide him with the names of several witnesses. In particular, he remembered that one visited his office and they talked for about 30 to 45 minutes. After their conversation, he determined that the person had very little information that would have been helpful to appellant. Counsel could not specifically remember whether this person provided any information about the character of the victim.

Thomas James, one of the witnesses listed in the petition for relief, testified at the evidentiary hearing. James stated that he had worked on construction with the appellant and had visited the trailer where he lived on four or five occasions. However, he stated that he "barely did know the people." More importantly, he testified that he did not know the victim and he was never at the trailer when the victim was present. Jones' testimony clearly demonstrates that appellant suffered no prejudice from counsel's failure to interview this witness. Jones simply had no information benefitting appellant.

The remaining four witnesses named in the petition did not testify at the evidentiary hearing. Post-conviction counsel explained that two other witnesses were subpoenaed, but failed to appear at the hearing and one other witness lived in

4

Georgia and could not be subpoenaed. The trial court stated that their unwillingness to appear at an evidentiary hearing likely meant that they would not have appeared at a trial for appellant.

Without the benefit of the proposed testimony of the witnesses, we are unable to determine whether appellant suffered any prejudice. In order to establish prejudice from counsel's failure to interview witnesses, the witnesses must be presented at the evidentiary hearing to demonstrate what information he or she possessed. Black v. State, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990). In the absence of such testimony, the trial court is left to speculate on the substance of the testimony and whether it would have affected the outcome of appellant's case. Id. Appellant has failed to fulfill an essential element of the Strickland test on this issue.

As an aside, we must question the relevancy of these witnesses' proposed testimony. Much like Thomas Jones, it is unlikely that they would have possessed any information relative to appellant's proposed self-defense claim. The trial court asked appellant to describe what these witnesses would have said. Appellant replied that they would have testified that "the boy was coming in and out." We are unable to determine, as was the trial court, what bearing this information would have had on appellant's case. Proof of such questionable relevance is not clear and convincing evidence that appellant suffered prejudice, i.e. that he would have chosen to go to trial in light of this information.

Moreover, the record reflects that counsel was working in pursuit of appellant's defense. Counsel testified that he and appellant discussed the victim's mental condition extensively and that he obtained some medical records pertaining to the victim's mental health. Merely because counsel used a tactic different from that suggested by appellant in his defense does not render his performance deficient. The proof that counsel investigated the victim's mental state and obtained medical

5

records provided much more credible information for appellant's defense and supports the adequacy of counsel's performance.[1]  This issue is without merit.

Appellant also claims that counsel did not meet with him enough prior to the entry of his plea, nor was counsel interested in his version of the facts.  According to appellant, counsel only met with him at the jail twice and spoke with him for fifteen minutes on each occasion.  However, counsel testified that he and appellant "had a number of conversations," although he could not recall how many times he visited appellant.  Counsel was aware of appellant's version of the incident because he reviewed the statement appellant gave to police and then talked with appellant about its substance.  Furthermore, counsel testified that he and appellant thoroughly discussed self-defense and the defense of accident.  The trial court has the duty of resolving conflicting testimony at evidentiary hearings and credited counsel's testimony on this issue.  Such a determination is within the exclusive purview of the trial court and we will not disturb such a finding.  Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990).

Appellant's last complaint is that counsel did not provide him with any information about the State's case against him.  He testified that he was unaware of who the State's witnesses would have been, he did not see the autopsy report or any police reports, nor did he know if a weapon was found on the victim.  In contrast, the record indicates that appellant in fact did possess the requisite information about the State's case which was necessary to make an informed decision.

Appellant was present at his preliminary hearing during which he would have heard a portion of the State's proof.  In addition, the State presented the trial court with a synopsis of its proof at the guilty plea hearing.  At that hearing, appellant

---

[1]Other portions of counsel's testimony reinforce this conclusion.  Counsel testified that appellant had not decided, prior to entry of his plea, whether the shooting was done in self-defense or if it was merely an accident.  Understandably, this made it difficult for counsel to construct a definite plan of defense and rendered testimony from witnesses about the victim's character of questionable relevance.  Because there is proof that counsel was pursuing appellant's defense, we cannot say that counsel's actions in this regard were deficient.

6

testified that he had read the indictment and understood the charges. Moreover, appellant had given a statement to law enforcement officials admitting to the shooting and professing hatred of the victim. This, in and of itself, likely constituted a large portion of the State's case. Contrary to his contention, it appears that the appellant was well-informed about the case against him and wisely chose to accept the plea agreement in light of the substantial proof possessed by the State. Appellant's testimony in this regard does not rise to the level of clear and convincing evidence of counsel's deficient performance.

In sum, appellant has failed to demonstrate by clear and convincing evidence that he would have chosen to go to trial had it not been for the deficient performance of counsel. In accordance with the trial court's ruling, we find that counsel rendered effective assistance and that appellant's constitutional rights were not infringed. We affirm the denial of post-conviction relief.

_____
William M. Barker, Judge

_____
Joseph M. Tipton, Judge

_____
Curwood Witt, Judge

7