IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

SEPTEMBER 1997 SESSION



FILED

December 23, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| ROGER LEE ACUFF, | ) | No. 03C01-9611-CR-00436 |
| | ) | |
| Appellant | ) | |
| | ) | HAMILTON COUNTY |
| V. | ) | |
| | ) | HON. STEPHEN M. BEVIL, |
| STATE OF TENNESSEE, | ) | JUDGE |
| | ) | |
| Appellee. | ) | (Post-Conviction) |
| | ) | |
| | ) | |

For the Appellant:

Neal Thompson
615 Lindsay Street
Suite 150
Chattanooga, TN 37403

For the Appellee:

John Knox Walkup
Attorney General and Reporter

Peter M. Coughlan
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493


William H. Cox, III
District Attorney General

Rebecca J. Stern
Assistant District Attorney
600 Market Street
Suite 310
Chattanooga, TN 37402


OPINION FILED: _____


AFFIRMED


William M. Barker, Judge

**OPINION**

The appellant, Roger Lee Acuff, appeals as of right from the judgment of the Hamilton County Criminal Court denying his petition for post-conviction relief. On appeal, appellant contends that he received the ineffective assistance of counsel and that his guilty plea was involuntary. Finding that the evidence does not preponderate against the trial court's judgment, we affirm the denial of relief.

On February 18, 1994, while on trustee status at a work release center in Chattanooga, appellant escaped from his work detail and fled to Knoxville. He was recaptured thirty-six (36) hours later. At the time of his escape, appellant was serving a twenty-eight (28) year sentence for second degree murder and robbery. He was later indicted on one count of felony escape. Pursuant to a plea agreement, appellant pled guilty to felony escape with an agreed sentence of six (6) years as a Range III persistent offender. Although the plea agreement reflected the maximum sentence within the range for the offense, it permitted appellant to be sentenced one classification lower than the career offender status for which he qualified. On September 15, 1994, the trial court accepted appellant's guilty plea and sentenced him accordingly.

On July 25, 1995, appellant filed a *pro se* post-conviction petition alleging that his plea was involuntary and that he received the ineffective assistance of counsel. The petition was amended after the appointment of counsel. The trial court held an evidentiary hearing on appellant's claims and determined them to be without merit. It found that appellant received the effective assistance of counsel and that his plea was voluntary and knowing.

In reviewing the appellant's Sixth Amendment claim of ineffective assistance of counsel, this Court must determine whether the advice given or services rendered by the attorney are within the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). To prevail on a claim of

2

ineffective counsel, an appellant "must show that counsel's representation fell below an objective standard of reasonableness" and that this performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687-88, 692, 694, 104 S.Ct. 2052, 2064, 2067-68, 80 L.Ed.2d 674 (1984); Best v. State, 708 S.W.2d 421, 422 (Tenn. Crim. App. 1985). The inability to prove either prong results in failure of the claim. See Strickland, 466 U.S. at 697.

The most difficult burden on an appellant is demonstrating the prejudice he has suffered by the alleged error. In order to prevail on that ground, the appellant must show a reasonable probability that but for counsel's error the result of the proceeding would have been different. Id. In the context of a guilty plea, the appellant must show that but for counsel's errors he would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 53, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). See also Wade v. State, 914 S.W.2d 97, 101 (Tenn. Crim. App. 1995), perm. app. denied (Tenn. 1995); Wilson v. State, 899 S.W.2d 648, 653 (Tenn. Crim. App. 1994), perm. app. denied (Tenn. 1995).

In order to sustain his post-conviction petition, the appellant must prove his allegations of fact by clear and convincing evidence. Tenn. Code Ann. §40-30-210(f) (Supp. 1996). Upon review, this Court cannot re-weigh or re-evaluate the evidence. We give deference to questions about the credibility of the witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence as they are resolved by the trial court. Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990). Furthermore, the factual findings of the trial court are conclusive on appeal unless the evidence preponderates against the judgment. Id. See also Davis v. State, 912 S.W.2d 689, 697 (Tenn. 1995) (citations omitted); Cooper v. State, 849 S.W.2d 744, 746 (Tenn. 1993) (citation omitted).

Appellant first contends that his counsel was ineffective for failing to investigate the defense of necessity. At the evidentiary hearing, appellant testified that he escaped from the work release center in order to help a pregnant woman he knew

3

whose life was in danger because she was being beaten by her boyfriend. He testified that he believed he explained these circumstances to counsel. Counsel, on the other hand, testified that appellant merely told her that he "was out on pass on trustee job and walked off the jobsite" and provided no other details. He never told her about this woman he intended to help. As a result, she knew of no facts to support a defense of necessity. Even had she been armed with such information, counsel stated her doubts about the utility of such a defense under those circumstances. Crediting counsel's testimony, the trial court found that appellant did not inform counsel of any factual circumstances to support the defense of necessity and she was not ineffective in that regard. The trial court also alluded to the futility of that defense in appellant's case.

Upon review, we too are unable to say that counsel was ineffective for failing to investigate a defense of which she was unaware. Of course, counsel in a criminal case has an obligation to investigate all factual and legal defenses. Baxter v. Rose, 523 S.W.2d 930, 933 (Tenn. 1975). However, where a client does not cooperate by providing counsel with pertinent facts and circumstances, counsel cannot be expected to hypothesize a possible defense.

Other proof in the record before us lends support to the trial court's credibility determination. Several letters appellant wrote, which were a part of counsel's file, reflect appellant's repeated claim that he merely "walked off the jobsite." Appellant provided the same recitation of facts in his original petition. Appellant's testimony at the evidentiary hearing was the first mention of a friend who needed assistance.[1] As a result, appellant's testimony failed to provide clear and convincing proof of counsel's deficiency.

Appellant also complains that counsel failed to meet with him adequately. However, his accounts were inconsistent in that respect. Appellant's *pro se* petition

---

[1] In fact, this particular ground of ineffective assistance relative to the necessity defense was not included in either the original or amended petitions.

4

stated that he met with counsel twice for about five minutes each. At the evidentiary hearing, he first testified that counsel only met with him on one occasion at the jail for approximately five minutes. Later in his testimony, appellant stated that counsel talked with him three times before he entered his plea.

Counsel testified that the day she spoke to appellant at the jail, the meeting lasted much longer than five minutes. At that meeting, she discussed appellant's prior criminal record and he acknowledged at least five prior felonies. They also discussed information he provided on a standard questionnaire used by the public defender's office. She further testified that she listened to the transcript of appellant's preliminary hearing. Prior to entering the plea, counsel testified that she and the appellant discussed his rights, specifically the right to a jury trial and his prior record for purposes of enhancement.

At the guilty plea hearing, appellant stated that he was satisfied with counsel and that there was nothing more counsel should have done to prepare his case. Considering appellant's statements at the guilty plea hearing and the testimony at the evidentiary hearing, the trial court determined that counsel fully and adequately represented her client and that there was nothing that she failed to do. That determination endorsed counsel's account of her activities and we must defer to the trial court's resolution of the contradictory testimony. Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990).

Finally, appellant alleges that counsel took advantage of threats on his life made while in jail by insisting that appellant plead guilty. He testified that while confined in the Hamilton County Jail numerous inmates threatened his life. Appellant stated that on one occasion, someone injected him with battery acid in an attempt to kill him. As a result, he was interested in pleading guilty as quickly as possible so that he would be returned to prison.

Counsel testified that appellant did tell her he was dissatisfied with the conditions at the Hamilton County Jail. Appellant also told her that his life was being

5

threatened, but failed to give any specific details, such as being injected with battery acid. Counsel also stated that appellant told her he wanted to dispose of the case as soon as possible and encouraged her to plea bargain with the district attorney. Letters that appellant wrote to counsel reflect that desire and appellant admitted at the evidentiary hearing that he gave counsel that directive. The trial court found that appellant's plea was voluntarily and knowingly entered.

The record fully supports the trial court's conclusions in this respect. Communications between appellant and counsel distinctly reflect appellant's initiative in choosing to plead guilty to the escape charge. Appellant, familiar with the plea process, even suggested certain mitigating circumstances for counsel to utilize in bargaining with the district attorney. Appellant never expressed a desire to go to trial upon this charge and counsel made every effort to negotiate an acceptable agreement for the appellant.

When counsel received the offer from the assistant district attorney, she conveyed it to appellant, at which time he directed her to make a specific counteroffer. When the assistant district attorney rejected the counteroffer the next day, appellant decided to accept the original offer and the guilty plea hearing was held that day. Little more than two weeks elapsed between the appointment of counsel, the first meeting with appellant, and the entry of a guilty plea. At the guilty plea hearing, appellant stated that he was not being pressured or coerced into pleading guilty. Considering all the circumstances, it is clear that appellant was eager to enter a guilty plea. Our review of the transcript from the guilty plea hearing, indicates that appellant's plea was certainly voluntary and knowing and that counsel did not exert any undue influence on appellant.

In sum, appellant has failed to demonstrate by clear and convincing evidence that his counsel was ineffective or that his guilty plea was involuntary. We affirm the trial court's denial of post-conviction relief.

_____
William M. Barker, Judge


_____
John H. Peay, Judge


_____
David G. Hayes, Judge


7