**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE**

**FILED**

March 10, 1998

Cecil W. Crowson
Appellate Court Clerk

WOODROW WILSON,

    Appellant,

VS.

STATE OF TENNESSEE,

    Appellee.

)
)
)
)
)
)
)
)
)
)
)
)
)

C.C.A. NO. 01C01-9707-CR-00431

DAVIDSON COUNTY
(No. 89-W-347 Below)

The Hon. Walter C. Kurtz

AFFIRMED PURSUANT TO RULE 20
(Post-Conviction/Habeas Corpus)

**O R D E R**

This matter is before the Court upon the state's motion to affirm the judgment of the trial court pursuant to Rule 20, Rules of the Court of Criminal Appeals. The petitioner is appealing the trial court's denial of his petition for post-conviction relief as time-barred by the statute of limitations.

The petitioner pled guilt to two counts of aggravated sexual battery on August 10, 1989. Pursuant to his plea bargain with the state, the trial court sentenced the petitioner to concurrent twenty year sentences. While no direct appeal was taken, the petitioner filed a petition for post-conviction relief claiming that his plea was not entered knowingly, voluntarily, and understandingly and that he received ineffective assistance of counsel. This Court affirmed the denial of post-conviction relief in Wilson v. State, 899 S.W.2d 648 (Tenn. Crim. App. 1994), and the Supreme Court subsequently denied the petitioner's request to appeal on April 10, 1995.

Thereafter, the petitioner filed pleadings seeking habeas corpus and post-conviction relief, claiming that his sentence was unconstitutional and illegal because it was indeterminate, that he was not receiving the benefit of his plea bargain and that he had received ineffective assistance of counsel in conjunction with his plea bargain, and that he was entitled to relief based on this Court's opinion in State v. Roger Dale Hill, No. 01C01-9508-CC-00267 (Tenn. Crim. App., at Nashville, filed June 20, 1996), reversed, State v. Hill, ___ S.W.2d ___ (Tenn. 1997). The trial court denied the relief requested, and this Court affirmed the trial court pursuant to Rule 20. Woodrow Wilson v. State, No. 01C01-9611-CR-00485 (Tenn. Crim. App., at Nashville, filed Feb. 4, 1998).

In the case before us, the trial court denied the petition, stating "[t]he present pleading before the Court is repetitive, well beyond the three (3) year statute of limitations for post-conviction relief petitions, and does not state a cause of action for habeas corpus relief."

From a review of the record, the pleadings, and this Court's previous opinions, it is clear that the trial court properly denied relief without a hearing. Specifically, the issues presented in this appeal have been previously determined, see T.C.A. § 40-30-206(h), the petition was filed outside the statute of limitations, see T.C.A. § 40-30-202 and Carter v. State, 952 S.W.2d 417 (Tenn. 1997), and the trial court was without jurisdiction to consider any habeas corpus claims because the petitioner is incarcerated in Wayne County, see T.C.A. § 29-21-105.

IT IS, THEREFORE, ORDERED that the judgment of the trial court is affirmed pursuant to Rule 20, Tennessee Court of Criminal Appeals Rules. The petitioner being indigent, costs are taxed to the state.

ENTER, this the _____ day of _____, 1998.

_____
JOHN H. PEAY, JUDGE

CONCUR:

_____
JERRY L. SMITH, JUDGE

_____
THOMAS T. WOODALL, JUDGE