# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
# AT JACKSON

## MICHAEL BRIAN CARDENAS v. STATE OF TENNESSEE

**Circuit Court for Chester County**
**No. 00-4317**

---

**No. W2001-01123-CCA-R3-PC**

---

**ORDER  - FILED MAY 3, 2002**


The Appellant, Michael Brian Cardenas, appeals from the order of the Chester County Circuit Court denying his petition for post-conviction relief.  On appeal, the Appellant argues that his guilty plea was involuntary because "he was denied the effective assistance of counsel at the trial level." In the Appellant's brief, he raises four general areas of ineffectiveness:  (1) his attorney failed to investigate, prepare or present a defense to charges against him;  (2) counsel failed to file a motion to suppress the statement that Appellant had provided to arresting authorities;  (3) counsel failed to file a motion for change of venue; and (4) potential character witnesses were never interviewed to determine whether their testimony could be used during the trial.  We find this argument without merit.  The judgment of the post-conviction court is affirmed pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals.

Under the terms of a negotiated plea agreement, the Appellant, on October 12, 1999, pled guilty to first degree murder and received a life sentence with the possibility of parole.  A timely petition for post-conviction relief was subsequently filed.  A hearing on the Appellant's petition was conducted on April 27, 2001, at which the Appellant and his trial counsel testified.  The post-conviction court concluded that the Appellant "had effective counsel and that there was no abridgment of any constitutional or statutory right by anything that counsel did or did not do during his representation of the petitioner."  In denying the petition, the post-conviction court entered the following findings of fact:

> The issue of failure to file a motion to suppress the defendant's statement is overruled.  Specifically there is no proof that the confession to law enforcement is subject to suppression.  This being the case the petitioner has failed to show that counsel's performance was deficient further there are at least three confessions two of which were not to law enforcement.  Even if the first confession were suppressed these two confessions would be fully admissible therefore there could be no possible prejudice in failing to seek the suppression of the first confession.

The issue of his failing to seek a change of venue is overruled. There is no proof in the record of any publicity or that the defendant could not find a jury in Chester County that would have been able to give the petitioner a fair trial. Furthermore this issue was waived by the defendant's guilty plea.

The defendant took the effort to write a letter to his attorney after the plea acknowledging his satisfaction with counsel's performance.

The issue of coercion is specifically denied and the Court finds that the petitioner has failed to carry his burden of proof in this matter by clear and convincing evidence. The petitioner claims to have been coerced by others into accepting the plea agreement but has failed to present one witness or the written note that allegedly caused him to plead guilty. The transcript of the guilty plea is compelling in that the Court gave the petitioner several opportunities to ask questions and state that he had been threatened into pleading guilty. Therefore the Court accepts the sworn statements of the petitioner at his guilty plea proceeding over his uncorroborated testimony at his post-conviction proceeding and overrules this issue.

In order to succeed on a post-conviction claim, the Appellant bears the burden of showing by clear and convincing evidence, the allegations set forth in his petition. Tenn. Code Ann. § 40-30-210(f) (1997). The Appellant argues that his guilty plea was not voluntary, knowing, and intelligent. The established test for determining the validity of the guilty plea is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Hill v. Lockhart*, 474 U.S. 52, 56, 106 S. Ct. 366, 369 (citing *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S. Ct. 160, 164 (1970)). The Appellant also argues that trial counsel's ineffectiveness led to his involuntary plea. To succeed in a challenge for ineffective assistance of counsel, the Appellant must establish (1) deficient representation and (2) prejudice resulting from the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). In the context of a guilty plea, to satisfy the second prong of *Strickland*, the Appellant must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. at 59, 106 S. Ct. at 370; *Walton v. State*, 966 S.W.2d 54, 55 (Tenn. Crim. App. 1997).

The Appellant has not proved the allegations set forth in his petition by clear and convincing evidence. We agree with the post-conviction court's reasoning and find the Appellant's petition to be without merit. Therefore, the judgment of the Chester County Circuit Court is affirmed in accordance with Tennessee Court of Criminal Appeals Rule 20.

_____
DAVID G. HAYES, JUDGE


_____
DAVID H. WELLES, JUDGE


_____
JAMES CURWOOD WITT, JR., JUDGE