IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs November 7, 2001

## DERRICK WILLIAMS v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. P23298     Arthur T. Bennett, Judge**

_____

**No. W2001-00450-CCA-R3-PC - Filed January 4, 2002**

_____

The petitioner, Derrick Williams, pled guilty to three counts of simple robbery, a Class C felony, and one count of aggravated robbery, a Class B felony. The trial court sentenced Petitioner as a Range III persistent offender to fifteen years for each of the simple robbery convictions and twenty-five years for the aggravated robbery conviction, with the sentences to be served concurrently for an effective sentence of twenty-five years. Thereafter, Petitioner filed a pro se petition, with one amendment filed by appointed counsel, for post-conviction relief alleging ineffective assistance of counsel. The post-conviction court denied Petitioner relief, which resulted in this appeal wherein Petitioner claims ineffective assistance of counsel based on the following: (1) counsel failed to argue that the indictment concerning aggravated robbery was insufficient whereas it did not allege an essential element of the offense, i.e., that Petitioner used a deadly weapon to commit the crime; and (2) counsel pressured Petitioner to plead guilty, which coercion caused his plea to be involuntary and, therefore, constitutionally infirm. After a review of the record, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed.**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JOE G. RILEY, J., joined.

Robert Little, Memphis, Tennessee, for the appellant, Derrick Williams.

Paul G. Summers, Attorney General and Reporter; Patricia C. Kussman, Assistant Attorney General; William L. Gibbons, District Attorney General; and Alonda Horn Dwyer, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Factual Background**

Petitioner filed a pro se petition for post-conviction relief on May 12, 2000, and on May 25, 2000, counsel was appointed to represent Petitioner in this cause. Appointed counsel filed an amended petition on June 29, 2000. The post-conviction hearing occurred on October 19, 2000. The proof presented at the hearing consisted solely of testimony from Petitioner and the attorney who Petitioner alleged rendered ineffective assistance during his plea proceedings.

At the post-conviction hearing, Petitioner testified that his attorney was ineffective in that she failed to communicate with him, failed to investigate his case, and also because she pressured him into pleading guilty when he said he wanted a jury trial to decide whether he was guilty of aggravated robbery. Petitioner claimed that he wanted to go to trial from the very beginning and, when he felt that his counsel was not working in his best interest, he asked her to remove herself from the case. According to Petitioner, she refused and, rather than allow him to find alternate counsel, she coerced him into pleading guilty by informing him that, if he wasted her time by going to trial, she would make sure that he received the maximum punishment of seventy-five years at eight-five percent. Consequently, Petitioner believed he must plead guilty, but admitted that the court made numerous inquiries about his plea at the time he entered it and, further, that he responded that his plea was both voluntary and not the result of threats. Petitioner claimed at the post-conviction hearing that this statement was not accurate, but rather the result of his failure to comprehend the court's question. Petitioner construed the question as referring only to persons outside the courtroom, which did not include his attorney.

Petitioner's allegation that his counsel did not investigate was based on the fact that she was unable to prove he did not have a gun, as required for the aggravated robbery charge. Therefore, he asserted, counsel was also unable to defend him against the charge of aggravated robbery, and this constituted ineffective assistance because "that is her job." When asked who Petitioner had intended for his attorney to talk to in order to disprove this particular fact, Petitioner responded, "whoever she had to talk to, man. I don't know." Petitioner knew that the victim in the aggravated robbery charge testified at the preliminary hearing that Petitioner had shown her the butt of his gun during the crime and that she had identified him from a photographic lineup. Petitioner also admitted that he had confessed to the police that he committed the robberies, even though he denied ever having a gun.

During the post-conviction hearing, the trial court asked Petitioner to explain why he did not state that he wanted to go to trial on the charge of aggravated robbery during the plea proceeding when the court explicitly questioned him regarding this precise issue. Petitioner replied only that he did not "understand" until he arrived at the penitentiary's "legal room." Petitioner admitted to being familiar with the plea process, claiming to have pled guilty to approximately ten crimes since 1991, including theft, robbery, evading arrest, and various attempt crimes.

The attorney who assisted Petitioner testified that, after her appointment on May 19, 1999, she met with Petitioner a total of seven times. During these meetings, Petitioner's counsel discussed the charges against Petitioner, the ramifications of his statements to the police, and the testimony given by the victim at the preliminary hearing stating that Petitioner showed her a gun during his

commission of the robbery. Counsel also testified that she gave Petitioner copies of the information she received through the discovery process and a copy of the transcript of the preliminary hearing.

Counsel further testified that, during one of their meetings, Petitioner told counsel he wanted her to speak with the prosecutor and reduce the charge from aggravated robbery to simple robbery. He wanted her to negotiate an eight-year sentence for all four convictions. (When classified as a Range III offender, a defendant may be sentenced from ten to fifteen years for a Class C felony, and from twenty to thirty years for a Class B felony.) Consequently, counsel set up a meeting with Ms. Craig, the prosecutor. However, Craig refused to reduce the charge, based on the victim's testimony that Petitioner displayed a gun, and she initially declined to agree to a sentence less than thirty years on the charge of aggravated robbery. Sometime later, on February 9, 2000, Petitioner told counsel that he would accept twenty-five years on the aggravated robbery charge and asked her to talk to the prosecutor one more time. Counsel approached Craig with Petitioner's request, and Craig agreed to twenty-five years but cautioned that the offer was good for one day only. Petitioner accepted the offer and pled guilty.

Counsel claimed she did not pressure Petitioner to plead guilty at any time. She also testified that Petitioner never informed her he wanted another attorney to handle his case; he merely told her that he wanted the best deal counsel could get for him and made it clear that he did not want to go to trial.

A copy of the transcript of Petitioner's guilty plea proceeding on February 9, 2000, was presented in evidence at the post-conviction hearing. The following excerpts reflect that the trial court questioned Petitioner regarding his plea and the waiver of his right to a jury trial:

| | |
|---|---|
| Court: | All right. You've heard the facts in each one of these cases as they were stated on the record by the state of Tennessee. Are you pleading guilty in accordance with those facts? |
| Petitioner: | Yes, ma'am. |
| Court: | All right. Do you understand that you have a right to a jury trial? |
| Petitioner: | Yes, ma'am. |
| Court: | Do you understand that in that jury trial you have a right to testify as well as a right to cross-examine and confront witnesses against you at that trial? |
| Petitioner: | Yes, ma'am. |
| Court" | Is that what you want to do? |
| Petitioner: | Yes, ma'am. |
| Court: | Are you sure? |
| Petitioner: | Yes, ma'am. |
| Court: | You do understand that if this court accepts your guilty pleas, there will be no appeals? |
| Petitioner: | Yes, ma'am. |
| Court: | And you understand further that this court cannot compel you to incriminate yourself? |

Petitioner:    Yes, ma'am.

                               *        *        *

Court:    99-12253, you've been indicted for aggravated robbery, which is a Class B felony, you're pleading guilty as charged looking at 25 years, Tennessee Department of Correction as a Range III offender and no fine; is that correct?

Petitioner:    Yes, ma'am.

                               *        *        *

Court:    Are these pleas voluntary?

Petitioner:    Yes, ma'am.

Court:    Has anyone made any promises or threats to you?

Petitioner:    No, ma'am.

Court:    Has anyone tried to force you to do these guilty pleas today?

Petitioner:    No, ma'am.

Court:    These guilty pleas are what you want to do?

Petitioner:    Yes, ma'am.

After the post-conviction hearing, the trial judge made the following findings: Petitioner had been exposed to the plea process a number of times via a number of felony cases wherein he had pled guilty and, consequently, "he [was] not a novice" and knew what his rights were at the time of his plea; counsel for Petitioner was able to reduce the sentence for aggravated robbery from thirty years to twenty-five through negotiations with the prosecutor's office and, when presented with the offer, Defendant accepted; Petitioner had an opportunity to inform the court he wanted a jury trial at the plea proceeding and he knew this, but he declined to do so; the transcript of the plea proceedings on February 9, 2000, show that Petitioner did not request a trial and the court in charge of those proceedings had no reason to doubt that Petitioner's plea was freely and voluntarily given; the issues of credibility arising from the conflicts between Petitioner's and counsel's testimony should be resolved against Petitioner; and, because Petitioner did not prove his allegations by clear and convincing evidence, the assistance rendered by counsel could not be found ineffective. On February 7, 2001, the post-conviction court placed the above findings and conclusions in its order denying Petitioner relief.

**Analysis**

**I. Indictment**

Petitioner contends that his attorney rendered ineffective assistance by failing to argue that the indictment concerning aggravated robbery was insufficient whereas it did not allege an essential element of the offense, i.e., that Petitioner used a deadly weapon to commit the crime. However, Petitioner failed to present this issue during his post-conviction hearing. A ground for post-conviction relief is waived "if the petitioner personally or through an attorney failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented . . . ." Tenn. Code Ann. § 40-30-206(g) (1997). Thus, Petitioner has waived this issue by his failure to present it before the post-conviction court. See Workman v. State,

868 S.W.2d 705, 709 (Tenn. Crim. App. 1993). Even if not waived, this ground would not entitle Petitioner to relief.

The indictment for aggravated robbery alleges the following:

THE GRAND JURORS of the State of Tennessee, duly selected, empaneled, sworn and charged to inquire for the body of the county of Shelby, Tennessee, upon their oath, present that: DERRICK WILLIAMS on April 18, 1999, in Shelby County, Tennessee, and before the finding of this indictment, did unlawfully and knowingly, *by use of a deadly weapon, to-wit: a handgun*, put Nicole Allen in fear and obtain from the said Nicole Allen, a sum of money, the proper goods and chattels of the said Nicole Allen, in violation of Tennessee Code Annotated 39-13-402, against the peace and dignity of the State of Tennessee.

(Emphasis added.)

It is difficult for this Court to apprehend how the words "by use of a deadly weapon, to-wit: a handgun," as stated in the indictment, could possibly be more clear in alleging the use of a deadly weapon. Defendant is not entitled to relief on this issue.

## II. Coercion By Counsel

Petitioner also alleges that counsel rendered ineffective assistance when she pressured Petitioner to plead guilty, which coercion caused his plea to be involuntary and, therefore, not constitutionally valid.

In reviewing Petitioner's Sixth Amendment claim of ineffective assistance of counsel, this Court must determine whether the advice given or services rendered by the attorney are within the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). To prevail, an appellant "must show that counsel's representation fell below an objective standard of reasonableness" and that this performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687-88, 692, 694, 104 S.Ct. 2052, 2064, 2067-68, 80 L.Ed.2d 674 (1984); Best v. State, 708 S.W.2d 421, 422 (Tenn. Crim. App. 1985). The inability to prove either prong results in failure of the claim. See Strickland, 466 U.S. at 697.

The most difficult burden on any appellant is demonstrating to the court that he has suffered prejudice because of the alleged error. To satisfy this prong, the appellant must show a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. Id. In the context of a guilty plea or a plea of nolo contendere, the appellant must show that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 53, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). See also Wade v. State, 914 S.W.2d 97, 101 (Tenn. Crim. App. 1995); Wilson v. State, 899 S.W.2d 648, 653 (Tenn. Crim. App. 1994).

Moreover, an appellant alleging ineffective assistance of counsel must prove the allegations of fact underlying his claim by clear and convincing evidence. See Tenn. Code Ann. § 40-30-210(f) (1997); Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001). This Court will not reweigh or re-evaluate the evidence or substitute our own inferences for those drawn by the trial court. Henley v. State, 960 S.W.2d 572, 579 (Tenn. 1997). We must also defer to the trial court on questions of credibility of witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence. Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990).

Lastly, we recognize that a trial court's conclusion as to whether an appellant has been denied the effective assistance of counsel is an issue that presents a mixed question of law and fact on appeal. Fields, 40 S.W.3d at 458. The standard of review is de novo, consistent with the standards set forth in the Rules of Appellate Procedure. Id. Accordingly, our review of a trial court's factual findings are entitled to a presumption of correctness, which is overcome only when the preponderance of the evidence is contrary to the trial court's findings of fact. See Tenn. R. App. P. 13(d); Henley, 960 S.W.2d at 578. By contrast, the trial court's application of law to its factual findings to determine whether counsel's performance was deficient or whether the defendant was prejudiced by that deficiency, are accorded no deference or presumption of correctness. Fields, 40 S.W.3d at 458.

In the case sub judice, we concur with the conclusion of the post-conviction court that Petitioner failed to prove the allegations of fact underlying his claim by clear and convincing evidence. Resolution of whether or not Petitioner was "pressured" by counsel into pleading guilty essentially turned on which witness's testimony was found to be the more credible, that of Petitioner or his counsel. Because questions concerning the credibility of witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are resolved by the trial judge, we also find that counsel did not coerce Petitioner into pleading guilty to the aggravated robbery charge. As stated by the post-conviction court, a crucial factor in determining this issue lay in Petitioner's testimony during the plea proceedings. Because we find Petitioner's testimony during that proceeding unequivocally implies that he entered his guilty plea knowingly, voluntarily, and without coercion or "pressure," we find that the preponderance of the evidence is not contrary to the trial court's findings of fact, namely, that Petitioner was not "pressured" by counsel into pleading guilty to the offense of aggravated robbery.

As a summation, we find that Petitioner failed to show that his counsel's representation fell below an objective standard of reasonableness or that, but for counsel's alleged error, he would not have pled guilty and would have insisted on going to trial. Thus, we cannot conclude that the advice given or services rendered by Petitioner's attorney were below the range of competence demanded of attorneys in criminal cases as required under Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975). Because we also find Petitioner's guilty plea was voluntarily entered in accordance with Rule 11(d) of Tennessee's Rules of Criminal Procedure, Petitioner is not entitled to relief on this issue.

**Conclusion**

For the forgoing reasons, the judgment of the post-conviction court is AFFIRMED.

_____

THOMAS T. WOODALL, JUDGE