**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT NASHVILLE**

**NOVEMBER 1997 SESSION**

FILED

February 4, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **WOODROW WILSON,** | ) | |
| | ) | **C.C.A. NO. 01C01-9611-CR-00485** |
| Appellant, | ) | (consolidated) |
| | ) | |
| | ) | **DAVIDSON COUNTY** |
| VS. | ) | |
| | ) | **HON. THOMAS H. SHRIVER,** |
| **STATE OF TENNESSEE,** | ) | **JUDGE** |
| | ) | |
| Appellee. | ) | (Habeas corpus/post-conviction) |

FOR THE APPELLANT:             FOR THE APPELLEE:

**JOHN T. CONNERS, III**            **JOHN KNOX WALKUP**
P.O. Box 1451                  Attorney General & Reporter
Franklin, TN   37065-1451

                              **LISA A. NAYLOR**
                              Asst. Attorney General
                              450 James Robertson Pkwy.
                              Nashville, TN  37243-0493

                              **VICTOR S. JOHNSON, III**
                              District Attorney General

OPINION FILED:_____

**AFFIRMED PURSUANT TO RULE 20**

**JOHN H. PEAY,**
Judge

## **O P I N I O N**

The petitioner entered a "best interest" guilty plea to two counts of aggravated sexual battery on August 10, 1989. Pursuant to his plea bargain with the State, the trial court sentenced him to concurrent twenty year terms of incarceration. The petitioner took no direct appeal but filed for post-conviction relief claiming that his plea was not entered knowingly, voluntarily and understandingly, and that he had received ineffective assistance of counsel in conjunction with his plea. Relief was denied on February 5, 1993, and this Court affirmed the post-conviction court's action in Wilson v. State, 899 S.W.2d 648 (Tenn. Crim. App. 1994). Our Supreme Court subsequently denied the petitioner's request to appeal.

On March 28, 1996, the petitioner filed for habeas corpus relief alleging that the act under which he had been sentenced is unconstitutional, and that his sentence is illegal because it is indeterminate. After a hearing, the lower court denied relief. The petitioner filed for relief[1] again, claiming that he was not receiving the benefit of his plea bargain and that he had received ineffective assistance of counsel in conjunction with his plea bargain. After another hearing, the court below again denied relief. The petitioner once more filed for relief, relying this time on this Court's decision in State v. Roger Dale Hill, No. 01C01-9508-CC-00267, Wayne County (Tenn. Crim. App. filed June 20, 1996, at Nashville), reversed, State v. Hill, __ S.W.2d __ (Tenn. 1997). The lower court granted the State's motion to dismiss. The petitioner now appeals all three orders of the court below denying him relief.[2]

---

[1] Initially pled as a writ for habeas corpus, the petitioner subsequently converted this claim for relief to a post-conviction petition.

[2] By Orders dated Dec. 11, 1996, and April 24, 1997, this Court consolidated all three appeals.

2

Upon our review of the record in this matter, as well as of our earlier opinion denying the first post-conviction petition filed, we affirm the lower court's actions by order rather than opinion. All three decisions below were made in a proceeding before the lower court without a jury, none of the actions was a determination of guilt, and the evidence does not preponderate against the findings of the court below. Furthermore, no error of law requiring a reversal of the lower court's actions is apparent on the record. See Ct. Crim. App. R. 20.

The judgments below are therefore affirmed.

_____
JOHN H. PEAY, Judge


CONCUR:


_____
JOSEPH M. TIPTON, Judge


_____
DAVID H. WELLES, Judge