IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 10, 2002

## CHRISTOPHER DAVID HODGE v. STATE OF TENNESSEE

**Post-Conviction Appeal from the Criminal Court for Knox County**
**No. 72957      Ray L. Jenkins, Judge**

_____

**No. E2002-01149-CCA-R3-PC**
**July 21, 2003**
_____

The petitioner, Christopher David Hodge, pled guilty to two counts of aggravated robbery, one count of aggravated burglary, and one count of attempted first-degree murder and received an aggregate sentence of thirty-one years for his convictions.[1] The petitioner filed a post-conviction petition, and after conducing an evidentiary hearing, the post-conviction court denied the petitioner's request for relief. The petitioner brings the instant appeal arguing that the post-conviction court erroneously dismissed his petition and that he is entitled to relief because he received ineffective assistance of counsel. We affirm the decision of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JAMES CURWOOD WITT, JR., J., joined.

Albert J. Newman, Jr., Knoxville, Tennessee, for the appellant, Christopher David Hodge.

Paul G. Summers, Attorney General & Reporter; P. Robin Dixon, Jr., Assistant Attorney General; Randall E. Nichols, District Attorney General; and Philip H. Morton, Assistant District Attorney General, for the appellee, State of Tennessee.

---

[1]The defendant's pro se petition further alleges that he pled guilty to the following additional offenses: three counts of robbery, two counts of felony vandalism, and misdemeanor vandalism. However, the defendant's appellate brief references only those charges listed in the text of this opinion. Because the defendant's judgments have not been included in the appellate record, we are unable to ascertain the true number of the convictions covered by the defendant's plea agreement. Regardless, this information is not relevant to the issues raised in the defendant's appeal and will not affect our appellate review.

# OPINION

## Factual Background

At his post-conviction evidentiary hearing the petitioner testified that he accepted the plea offer proposed by the state based on his counsel's warning that if the petitioner was convicted pursuant to a trial, the minimum sentence he would be eligible to receive would be sixty years. Based on this advice, he chose to accept the plea offer in which he agreed to serve a thirty-one-year sentence. However, the petitioner later clarified that his counsel had informed him that a sixty-year sentence was a possibility, rather than a minimum sentence. Moreover, the petitioner also testified that his counsel did not pressure him to accept the proposed plea offer and that he did not recall the trial court advising him of the various sentencing ranges for each of his offenses at his plea submission hearing. Based on the petitioner's testimony and without hearing the testimony of the petitioner's trial counsel, the post-conviction court dismissed the petition. As stated supra, the petitioner appeals that decision alleging that he is entitled to post-conviction relief because he received ineffective assistance of counsel.

## Post-Conviction Standard of Review

When analyzing the issue raised, we first note that a petitioner bringing a post-conviction petition for relief bears the burden of proving the allegations asserted in the petition by clear and convincing evidence. See Tenn. Code Ann. § 40-30-210(f); Hicks v. State, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998). "Evidence is clear and convincing when there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence." Hicks, 983 S.W.2d at 245 (citing Hodges v. S.C. Toof & Co., 833 S.W.2d 896, 901 n.3 (Tenn. 1992)). Furthermore, the appellate court is bound by the trial court's findings of fact, unless the record preponderates against those findings. See id.

## Effectiveness of Assistance of Counsel

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, the petitioner bears the burden of showing that (a) the services rendered by trial counsel were deficient and (b) that the deficient performance was prejudicial. See Powers v. State, 942 S.W.2d 551, 558 (Tenn. Crim. App. 1996). In order to demonstrate deficient performance, the petitioner must show that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). In order to demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. See Strickland v. Washington, 466 U.S. 668, 694, 104 S. Ct. 2052, 2068, 80 L. Ed. 2d 674 (1984). "Because a petitioner must establish both prongs of the test to prevail on a claim of ineffective assistance of counsel, failure to prove either deficient performance or resulting prejudice

provides a sufficient basis to deny relief on the claim." Henley v. State, 960 S.W.2d 572, 580 (Tenn. 1997). "Moreover, on appeal, the findings of fact made by the trial court are conclusive and will not be disturbed unless the evidence contained in the record preponderates against them." Adkins v. State, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). "The burden is on the petitioner to show that the evidence preponderated against those findings." Id.

Turning to the specific allegations made by the petitioner, we note that once a guilty plea has been entered, effectiveness of counsel is relevant only to the extent that it affects the voluntariness of the plea. In this respect, such claims of ineffective assistance necessarily implicate the principle that guilty pleas be voluntarily and intelligently made. See Hill v. Lockhart, 474 U.S. 52, 56, 106 S. Ct. 366, 369 (1985) (citing North Carolina v. Alford, 400 U.S. at 31, 91 S. Ct. 160, 164 (1970)). As stated supra, in order to successfully challenge the effectiveness of counsel, the petitioner must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases. See Baxter, 523 S.W.2d at 936. Under Strickland v. Washington, 466 U.S. at 687, 104 S. Ct. at 2064, the petitioner must establish (1) deficient representation and (2) prejudice resulting from the deficiency. However, in the context of a guilty plea, to satisfy the second prong of Strickland, the petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59, 106 S. Ct. at 370; see also Walton v. State, 966 S.W.2d 54, 55 (Tenn. Crim. App. 1997).

The petitioner claims that the post-conviction court erred by dismissing his petition because his testimony that he pled guilty to the instant crimes on the misleading and erroneous advice of counsel was uncontroverted. Moreover, the petitioner claims that the trial court erred by dismissing his petition without first hearing the testimony of his trial counsel. However, after reviewing the petitioner's testimony, we find that the post-conviction court properly denied his petition without first hearing the testimony of counsel. While the petitioner claims that he only agreed to accept the proposed plea offer based on his trial counsel's advice that he would receive a sixty-year sentence if he was convicted of his indicted crimes pursuant to a trial, he acknowledged in his post-conviction hearing that, in fact, his counsel advised him that such a sentence was only a possibility. He further acknowledged that his counsel did not pressure him to accept the plea. Furthermore, the record of the defendant's guilty plea submission hearing indicates that the trial judge who accepted the petitioner's verdict advised the petitioner of the possible sentencing ranges for each of the charges and that the petitioner acknowledged an understanding of this information before entering his plea.

Based on this evidence, we cannot find that counsel's representation was deficient nor can we find that the petitioner's will was overborne by his counsel, thereby affecting the voluntariness of his guilty plea. Therefore, we find that the petitioner has not met his burden of proving his allegation of ineffective assistance of counsel by clear and convincing evidence. Accordingly, this issue lacks merit.

## Conclusion

Based on the foregoing, we find that the petitioner's claim lacks merit and accordingly AFFIRM the decision of the post-conviction court.

_____
JERRY L. SMITH, JUDGE