IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 3, 2008

## CORNELL POE v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Madison County**
**No. C-06-49     Roger Page, Judge**

_____

**No. W2007-02468-CCA-R3-PC  - Filed October 7, 2008**

_____

The petitioner, Cornell Poe, appeals as of right the Madison County Circuit Court's denial of his petition for post-conviction relief.  The petitioner alleges that his guilty pleas to two counts of aggravated burglary, one count of theft valued at over one thousand dollars, and three counts of aggravated assault were not voluntarily, knowingly and understandingly made due to the ineffective assistance of counsel and the alleged effects of the petitioner's medication.  After the appointment of counsel and a full evidentiary hearing, the post-conviction court found that the petitioner failed to prove his allegations by clear and convincing evidence and denied the petition.  Following our review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P.  3 Appeal as of Right;  Judgment of the Circuit Court is Affirmed.**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and ALAN E. GLENN, J, joined.

Lee R. Sparks (on appeal), and Angela J. Hopson (at evidentiary hearing), Jackson, Tennessee, attorney for appellant, Cornell Poe.

Robert E. Cooper, Jr., Attorney General & Reporter; Sophia S. Lee, Assistant Attorney General; James G. Woodall, District Attorney General; and James W. Thompson, Assistant District Attorney General, attorneys for appellee, State of Tennessee.

### OPINION

The record reflects that, pursuant to a plea agreement, the petitioner entered guilty pleas on April 19, 2005 and the trial court imposed an effective sentence of twelve years as a Range I, standard offender to be served on community corrections.  On January 3, 2006, a revocation hearing was held regarding the community corrections sentence during which the petitioner admitted to violating community corrections by his April 30, 2005 arrest for aggravated robbery; the trial court

revoked the community corrections sentence and ordered the petitioner to serve his sentence in the custody of the Department of Correction.[1]

On February 9, 2006, the petitioner filed this petition for post-conviction relief alleging involuntary guilty pleas due to trial counsel's failure to explain fully the elements of his guilty pleas and sentences coupled with the petitioner's alleged inability to understand the proceedings due to medication he was taking at the time for bipolar disorder. After the appointment of counsel and amendment to the petition, an evidentiary hearing occurred on April 10, 2006, during which the petitioner and his trial counsel testified.

The petitioner testified that trial counsel never explained to him the nature of the charges and possible sentences he faced and that he signed the guilty plea submission simply because "[he] was told that [he] could go home if [he] signed that paper." He also testified that he had been diagnosed with bipolar disorder at the time of the guilty plea and that he was taking Geodon and Lexapro to treat its symptoms. He claimed that the medications were making him "confused, irritable and not really able to comprehend at all times." The petitioner claimed not to recall or understand all to which he was pleading guilty and stated that he did not realize the full nature of his plea until his community corrections sentence was revoked. Contrary to his testimony that he never understood he was pleading to an effective sentence of twelve years, at one point during cross-examination, the petitioner related that he was taken from his cell and told that he was offered twelve years and then attempted to correct himself by stating, "I mean six years." The petitioner claimed not to remember the trial court's colloquy at the guilty plea hearing or the trial court's inquiries regarding taking medication or understanding the plea.

Trial counsel testified that the guilty plea agreement arose from negotiations between himself and the state and also from the active participation of the petitioner. Initially, the state had offered the petitioner eight years of incarceration. Trial counsel recalled that it was the petitioner who convinced the state to accept the twelve-year community corrections sentence in order to avoid going to prison. Trial counsel also recalled that he initially advised the petitioner to proceed toward trial because he felt that the state would offer less time as the trial date approached. On cross-examination, the following exchange occurred between post-conviction counsel and trial counsel regarding the petitioner's desire to plead:

> Q: Okay. So Mr. Poe did not want to go to trial, in your opinion?
> A: He was wanting to get out.
> Q: Out of jail?
> A: And that was the main thing. And I really thought that he shouldn't take it, just based on the facts.

---

[1] Subsequent to the post-conviction evidentiary hearing in this case, the petitioner pled guilty to the April 30, 2005 aggravated robbery offense on May 3, 2006. He later filed a separate petition for post-conviction relief challenging the May 3 guilty plea but withdrew the petition prior to the hearing.

And I kind of remember a little bit more. After talking with [the petitioner], I honestly didn't know that he would be able to comply with the terms of probation.

This being an aggravated case, if he was sent to prison, he might not get out at that release eligibility date. And so a twelve-year sentence, should he be revoked, was going to hit him a whole lot harder than if he just waited around and pled guilty to what I thought [the state] would probably come down a little bit off the eight years.

Relative to the guilty plea hearing, trial counsel recalled that the petitioner responded appropriately to all of the trial court's questions and never made any indication that he did not understand the consequences of the plea. Trial counsel testified that he never had any indication that the petitioner was impaired by medication.

In a written order filed April 19, 2006, the post-conviction court found that the petitioner failed to show that trial counsel's representation fell below the range of competence required in a criminal case. The post-conviction court found that "[t]here is absolutely nothing in this record to indicate the Petitioner's plea was not knowing and voluntary." The post-conviction court also found that the petitioner actively participated in the plea negotiations and took the plea in order to avoid a prison sentence. The post-conviction court further noted that the petitioner did not file the petition for post-conviction relief until after his community corrections sentence was revoked and he was ordered to serve the sentence in incarceration. In consideration of the evidence presented at the evidentiary hearing and the post-conviction court's review of the guilty plea hearing transcript, the post-conviction court found that the petitioner had failed to prove his allegations by clear and convincing evidence.

ANALYSIS

The burden in a post-conviction proceeding is on the petitioner to prove his grounds for relief by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f). On appeal, we are bound by the post-conviction court's findings of fact unless we conclude that the evidence in the record preponderates against those findings. Fields v. State, 40 S.W.3d 450, 456 (Tenn. 2001). Because they relate to mixed questions of law and fact, we review the post-conviction court's conclusions as to whether counsel's performance was deficient and whether that deficiency was prejudicial under a de novo standard with no presumption of correctness. Id. at 457.

Under the Sixth Amendment to the United States Constitution, when a claim of ineffective assistance of counsel is made, the burden is on the petitioner to show (1) that counsel's performance was deficient and (2) that the deficiency was prejudicial. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); see Lockhart v. Fretwell, 506 U.S. 364, 368-372, 113 S. Ct. 838, 842-44 (1993). In other words, a showing that counsel's performance falls below a reasonable standard is not enough; rather, the petitioner must also show that but for the substandard performance, "the result of the proceeding would have been different." Strickland, 466 U.S. at 694,

104 S. Ct. 2068. The <u>Strickland</u> standard has been applied to the right to counsel under Article I, Section 9 of the Tennessee Constitution. <u>State v. Melson</u>, 772 S.W.2d 417, 419 n.2 (Tenn. 1989).

In the context of a guilty plea as in this case, the effective assistance of counsel is relevant only to the extent that it affects the voluntariness of the plea. Therefore, to satisfy the second prong of <u>Strickland</u>, the petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." <u>Hill v. Lockhart</u>, 474 U.S. 52, 59, 106 S. Ct. 366, 370 (1985); <u>see also</u> <u>Walton v. State</u>, 966 S.W.2d 54, 55 (Tenn. Crim. App. 1997).

In reaching its conclusion that trial counsel's performance was not deficient, the post-conviction court discredited the petitioner's testimony that trial counsel did not explain the nature of the charge to him as well as the petitioner's testimony that he did not recall the trial court's questioning and advising of rights during the guilty plea hearing. The evidence completely supports the post-conviction court's determination. The petitioner admitted at the evidentiary hearing that he had been offered an eight-year sentence but negotiated for the twelve-year community corrections sentence to avoid incarceration. Trial counsel testified in detail regarding his advice to the petitioner regarding taking the plea and stated his misgivings about the petitioner's ability to complete a community corrections sentence of such length. Notably, trial counsel's concerns came to fruition when the petitioner violated the terms of his community corrections sentence within eleven days of the entry of the guilty plea. We also note, as did the post-conviction court, that the petitioner's dissatisfaction with the terms of the guilty plea only arose once the community corrections sentence was revoked and he was ordered to serve the sentence in incarceration. Therefore, we conclude that the evidence does not preponderate against the post-conviction court's findings regarding the petitioner's claims of ineffective assistance as it relates to the voluntariness of his guilty plea.

Relative to the petitioner's claim that he was impaired by medication at the time of the guilty plea hearing, we note that the petitioner asserted that he was taking medication at the time of his guilty plea several times during his testimony at the evidentiary hearing. However, our review of the guilty plea transcript belies that testimony. At the onset of the guilty plea hearing, the trial court asked the petitioner if he was "under the influence of alcohol, drugs, narcotics, or anything that might cause you to have a problem understanding [the court] today," and the petitioner replied, "No, Your Honor." While discussing the petitioner's suitability for community corrections pursuant to the special needs exception, the following exchange occurred between the trial court and the petitioner:

> COURT: . . . Do you take medicine?
>
> THE DEFENDANT: Yes, Your Honor, I do.
>
> COURT: Do you take it every day?
>
> THE DEFENDANT: I'm supposed to, but they've been out at the jail and I haven't been taking it.

-4-

We further note that the petitioner offered no documentation or proof at the evidentiary hearing that he was being administered medication at the time of the guilty plea.  Therefore, we conclude that the evidence does not preponderate against the post-conviction court's findings regarding this allegation as well.

## CONCLUSION

In summary, we agree with the post-conviction court that the petitioner has failed to prove his post-conviction allegations by clear and convincing evidence.  Therefore, the judgment of the post-conviction court is affirmed.

_____

D. KELLY THOMAS, JR., JUDGE