IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 14, 2010

**RICKEY CLYDE TAYLOR v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Lauderdale County**
**No. 8347     Joseph H. Walker, III, Judge**

_____

**No. W2009-02182-CCA-R3-PC  - Filed December 29, 2010**

_____

The Petitioner, Rickey Clyde Taylor, appeals as of right from the Lauderdale County Circuit Court's denial of his petition for post-conviction relief. The Petitioner pled guilty to four counts of delivery of .5 grams or more of cocaine, a Class B felony, and received an effective 28-year sentence for the convictions. In this appeal as of right, the Petitioner alleges that as a result of trial counsel's ineffectiveness, his guilty pleas were involuntarily entered. Following our review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which ALAN E. GLENN and J.C. MCLIN, JJ., joined.

Scott A. Lovelace, Ripley, Tennessee, attorney for appellant, Rickey Clyde Taylor.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; D. Michael Dunavant, District Attorney General; and Julie K. Pillow, Assistant District Attorney General, attorneys for appellee, State of Tennessee.

**OPINION**

The Petitioner was charged in a four-count indictment with delivery of .5 grams or more of cocaine. The charges stem from the Petitioner's sale of cocaine to an undercover officer. The Petitioner sold cocaine to the same undercover officer on four separate occasions. In the first transaction, the Petitioner gave the undercover officer his cellular telephone number and told him to ask for "Big Rick in the future." In the subsequent three transactions, the officer used the provided cellular telephone number to contact the Petitioner. The Petitioner was on probation at the time the transactions took place. Pursuant to his plea

agreement, the Petitioner's effective 28-year sentence was ordered to be served concurrently with the sentence for which he was on probation.

At the guilty plea submission hearing, the Petitioner was advised by the trial court that the State had filed a notice to seek enhanced punishment and that if convicted and sentenced as a career offender, the Petitioner would receive sentences of 30 years at 60 percent. When asked if he was satisfied with trial counsel's representation, the Petitioner stated, "I guess he did what he could do." The Petitioner did not indicate that he was forced to plead guilty or that he did not wish to plead guilty. On the contrary, he answered all of the trial court's questions and took responsibility for his actions. The Petitioner timely filed a petition for post-conviction relief in which he claimed that trial counsel was ineffective and that as a result of counsel's ineffectiveness, he did not voluntarily plead guilty.

At the evidentiary hearing, the Petitioner testified that he met with trial counsel the day before his scheduled trial date and that on that day, trial counsel conveyed the first offer from the State. The Petitioner rejected that offer, and trial counsel came back later and told him that the State had offered a sentence of 28 years. Trial counsel told him that the Petitioner would receive a sentence of 120 years if he went to trial. The Petitioner stated that trial counsel did not really talk to him about his case, the evidence against him, or any possible trial strategies or defenses available to him. He stated that trial counsel never showed him the discovery materials, the State's notice to seek enhanced punishment, or the videotape of the transaction. According to the Petitioner, the videotapes were not that damaging, and had trial counsel allowed him to view the videotapes, he would have insisted on going to trial. The Petitioner also stated that he did not believe that he was given adequate time to make his decision and that he felt like he was pressured to plead guilty.

On cross-examination, the Petitioner admitted that he had an extensive criminal record and that he was on house arrest when he committed the offenses in the instant case. He admitted that he could have been sentenced as a career offender if he had chosen to go to trial and that he could have received sentences of 30 years at 60 percent for each of his four convictions. The Petitioner admitted that he had a pending violation for a 13-year sentence that he had pled guilty to in April 2007. The Petitioner also admitted that he could have told the trial judge that he needed more time to make his decision but that he chose to plead guilty instead. He stated that he understood that the videotapes and testimony from the undercover agent would have been presented as evidence against him if he had chosen to proceed with trial. He agreed that trial counsel negotiated on his behalf and that the offer he ultimately accepted was lower than the State's original offer and provided for concurrent sentencing with his April 2007 case. The Petitioner stated that he did not want to go trial even if he were granted post-conviction relief but that he wanted his "rights back" because trial counsel did not file a motion for discovery on his behalf.

Trial counsel testified that he met with the Petitioner once or twice and that he was able to negotiate a plea agreement in the Petitioner's case. He stated that he and co-counsel, who had been representing the Petitioner in the early stages of his case, had been focusing on obtaining the best possible plea agreement. He stated that the Petitioner did not want to go to trial and that he did not discuss the Petitioner's possible defenses because "there weren't any" defenses. Trial counsel stated that the Petitioner's record was "probably the worst record as far as a sentencing record [he's] probably had to deal with" and that the State would be able to prove two of the counts "without any question." He stated that either he or co-counsel had viewed the videotapes and that he did not remember if he watched the videotapes with the Petitioner. He said that he discussed with the Petitioner the fact that he could be sentenced as a career offender and that he or someone from his office had represented the Petitioner for "one or two" of his prior convictions. He stated that he told the Petitioner that he was not eligible for alternative sentencing.

On cross-examination, trial counsel stated that he had been practicing criminal defense law for approximately 25 years. He stated that the Petitioner "had occasion to be in court and deal with attorneys and realize" the potential liability he could be facing for selling 100 dollars worth of cocaine. He stated that in the Petitioner's case, the only real issue was how much time the Petitioner would have to serve because there "wasn't a question about identity" or guilt. He stated that when he told the Petitioner about the State's first 30-year offer at 60 percent, he explained that because the Petitioner had violated his house arrest, the State was not going to give him a better offer. He admitted that he was able to ultimately negotiate a 28-year offer with concurrent sentencing. He stated that the Petitioner understood the agreement even though he may not have liked the ultimate agreement. He stated that the Petitioner could have received a much longer sentence if he had chosen to proceed with a trial. On re-direct examination, trial counsel stated that he did not review the pre-trial motions with the Petitioner because he only represented the Petitioner for the last few weeks before his trial date.

In a written order, the post-conviction court stated that the Petitioner failed to show that trial counsel was deficient and that "[n]othing in the record" indicated that the Petitioner's decision to plead guilty was involuntary. The post-conviction court noted that the Petitioner was "adequately informed of the nature and consequences of the plea agreement" and his punishment and that his "decision was not coerced." In denying the petition, the post-conviction court found that the Petitioner "failed to establish the factual allegations contained in his petition by clear and convincing evidence."

ANALYSIS

The Petitioner contends that counsel was ineffective in his representation of the Petitioner and that as a result, he did not understand the plea agreement and was unable to knowingly plead guilty. The State responds that the Petitioner has failed to prove his allegations by clear and convincing evidence.

The burden in a post-conviction proceeding is on the petitioner to prove the factual allegation to support his grounds for relief by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f); See Dellinger v. State, 279 S.W.3d 282, 293-94 (Tenn. 2009). If the petitioner proves his grounds by clear and convincing evidence, the trial court must then determine whether trial counsel was ineffective according to Strickland v. Washington, 466 U.S. 668, 687 (1984). Dellinger, 279 S.W.3d at 293-94. On appeal, we are bound by the trial court's findings of fact unless we conclude that the evidence in the record preponderates against those findings. Fields v. State, 40 S.W.3d 450, 456 (Tenn. 2001). Because they relate to mixed questions of law and fact, we review the trial court's conclusions as to whether counsel's performance was deficient and whether that deficiency was prejudicial under a de novo standard with no presumption of correctness. Id. at 457.

Under the Sixth Amendment to the United States Constitution, when a claim of ineffective assistance of counsel is made, the burden is on the petitioner to show (1) that counsel's performance was deficient and (2) that the deficiency was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984); see Lockhart v. Fretwell, 506 U.S. 364, 368-72 (1993). Failure to satisfy either prong results in the denial of relief. Strickland, 466 U.S. at 697. In other words, a showing that counsel's performance falls below a reasonable standard is not enough; rather, the petitioner must also show that "there is a reasonable probability" that but for the substandard performance, "the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. The Strickland standard has been applied to the right to counsel under article I, section 9 of the Tennessee Constitution. State v. Melson, 772 S.W.2d 417, 419 n.2 (Tenn. 1989). In the context of a guilty plea as in this case, the effective assistance of counsel is relevant only to the extent that it affects the voluntariness of the plea. Therefore, to satisfy the second prong of Strickland, the petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); see also Walton v. State, 966 S.W.2d 54, 55 (Tenn. Crim. App. 1997).

The transcript of the guilty plea submission hearing belies the Petitioner's assertion that trial counsel was ineffective and that as a result of that ineffectiveness, he did not

understand the plea agreement or the consequences of his decision to plead guilty. Indeed, the record reflects that the Petitioner was advised by counsel and the trial court regarding the possible sentence he could have received had he chosen to proceed with a trial. While trial counsel admitted that he did not review the discovery materials with the Petitioner, this fact does not amount to ineffective assistance of counsel when trial counsel was simply trying to obtain the best plea agreement possible for the Petitioner. Additionally, the Petitioner has failed to show or even allege how counsel was ineffective in his representation of the Petitioner. The Petitioner did not assert or present evidence that trial counsel gave him any erroneous advice in relation to his decision to plead guilty. In fact, trial counsel's advice was correct because the Petitioner could have received sentences of 30 years at 60 percent for each of his charges of delivery of .5 grams or more of cocaine. See Tenn. Code Ann. § 39-17-417(c)(1). See also Tenn. Code Ann. §§ 40-35-108, -112. Given the Petitioner's criminal record and the fact that he was on house arrest when he committed the instant offenses, the Petitioner could also have received consecutive sentencing in his case. See Tenn. Code Ann. § 40-35-115. Following our review, we conclude that the post-conviction court did not err in finding that the Petitioner failed to establish his factual allegations by clear and convincing evidence.

## CONCLUSION

In consideration of the foregoing and the record as a whole, the judgment of the post-conviction court is affirmed.

_____

D. KELLY THOMAS, JR., JUDGE