IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 18, 2013

## BRADLEY MITCHELL WEST, JR. v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Bedford County**
**No. 17409     F. Lee Russell, Judge**

---

**No. M2012-02324-CCA-R3-PC - Filed September 27, 2013**

---

The Petitioner, Bradley Mitchell West, Jr., appeals as of right from the Bedford County Circuit Court's denial of his petition for post-conviction relief. The Petitioner contends that he received ineffective assistance of counsel because trial counsel failed to locate and interview a potential witness. Discerning no error, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

Christopher P. Westmoreland, Shelbyville, Tennessee, for the appellant, Bradley Mitchell West, Jr.

Robert E. Cooper, Jr., Attorney General and Reporter; Meredith DeVault, Senior Counsel; Robert James Carter, District Attorney General; and Richard A. Cawley, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The Petitioner has failed to include a copy of his judgment of conviction or a transcript of his guilty plea submission hearing in the record for this appeal. However, it appears from the record that in May 2011 the Petitioner pled guilty to one count of aggravated burglary and was sentenced to four years as a Range I, standard offender. The factual basis for the Petitioner's guilty plea was that he was seen by his great-aunt using a stick to open the latch of a door on his grandmother's screened-in porch. Once inside the porch, the Petitioner attempted to disable the home's security alarm, but "he didn't know the code and couldn't disable the alarm." The Petitioner then tried to open a window and enter

his grandmother's house. The Petitioner's great-aunt called the police, and when a police officer arrived, the Petitioner "took off running from the house" and was apprehended at a neighbor's house.

The Petitioner's grandmother, Veda Reed, testified at the post-conviction hearing that she was not at her house at the time of the offense but that she did not believe that the Petitioner had burglarized her home because her doors were locked and her security alarm was still armed when she returned home that day. Ms. Reed also testified that she never locked the door on her screened-in porch and that anyone could walk into the screened-in porch and knock on her front door. Ms. Reed further testified that she never spoke to trial counsel or anyone from trial counsel's office about the Petitioner's case. Ms. Reed originally claimed that she did not speak to the police about the offense either, but later admitted on cross-examination that she had called the police station and spoke to a police officer about what had occurred that day.

Ms. Reed testified on cross-examination that the Petitioner had been living with her, but she had kicked him out of the house a few weeks before this offense because she had caught him in her bedroom going through her dresser drawers and "stealing" from her. On the day this offense occurred, the Petitioner had come to Ms. Reed's house "to pick up some clothing," and she caught him going through her garage. Ms. Reed testified that she told him to leave the house again. Ms. Reed had a doctor's appointment later that day, and she was afraid that the Petitioner would come back to her house. Ms. Reed testified that she thought the Petitioner "just wanted to stay in [her] garage," but she asked the Petitioner's great-aunt to stay and watch the house while she was gone. The Petitioner's great-aunt had been sitting in Ms. Reed's living room with Ms. Reed's "gun in her lap" when she saw the Petitioner and called Ms. Reed. Ms. Reed testified that she was at the doctor's office when the Petitioner's great-aunt called her and that she told her to call the police.

Trial counsel testified at the post-conviction hearing that he never spoke to Ms. Reed and never had his investigator speak to Ms. Reed because she "wasn't present when the alleged burglary occurred." Instead, trial counsel had his investigator interview the Petitioner's great-aunt because she had been "sitting in the house" and "looking out the window" when she saw the Petitioner use "a stick to open the latch on [the] door" to the screened-in porch. Trial counsel testified that the Petitioner's great-aunt had given the police "a very detailed version of the events of that day" and that he did not believe the Petitioner had "a defense in this case." Trial counsel further testified that the Petitioner "never denied" that he used a stick to open the latch to the door on the screened-in porch. Trial counsel concluded that he did not believe Ms. Reed's testimony would have been useful at trial or would have provided the Petitioner with a defense to the aggravated burglary charge.

-2-

At the conclusion of the hearing, the post-conviction court dismissed the petition. The post-conviction court concluded that trial counsel was not ineffective for failing to interview Ms. Reed. The post-conviction court found that Ms. Reed was not a credible witness and that she "was clearly trying to assist her grandson." The post-conviction court also found that there was no evidence that the Petitioner had asked trial counsel to interview Ms. Reed or that the Petitioner would have insisted on going to trial "if he had known what his grandmother's testimony would" have been. The post-conviction court noted that the Petitioner's main contention seemed to be that he could not have committed aggravated burglary because he never entered Ms. Reed's house. However, the trial court pointed out that "habitation" was defined as including "each structure appurtenant to or connected with" the home. See Tenn. Code Ann. § 39-14-401(1)(C).

On appeal, the Petitioner contends that the post-conviction court erred in dismissing his petition for post-conviction relief. The Petitioner argues that his guilty plea was not voluntarily entered into because he was unaware of Ms. Reed's "exculpatory testimony" due to trial counsel's ineffective assistance in failing to interview Ms. Reed or "attempt to discover [her] testimony." The State responds that there was no evidence that the Petitioner would have gone trial had he been aware of Ms. Reed's potential testimony and that Ms. Reed's potential testimony would not have been favorable or material to the Petitioner's case at trial.

The burden in a post-conviction proceeding is on the petitioner to prove his allegations of fact supporting his grounds for relief by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f); see Dellinger v. State, 279 S.W.3d 282, 293-94 (Tenn. 2009). On appeal, we are bound by the trial court's findings of fact unless we conclude that the evidence in the record preponderates against those findings. Fields v. State, 40 S.W.3d 450, 456 (Tenn. 2001). Additionally, "questions concerning the credibility of the witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved" by the post-conviction court. Id. Because they relate to mixed questions of law and fact, we review the post-conviction court's conclusions as to whether counsel's performance was deficient and whether that deficiency was prejudicial under a de novo standard with no presumption of correctness. Id. at 457.

Under the Sixth Amendment to the United States Constitution, when a claim of ineffective assistance of counsel is made, the burden is on the petitioner to show (1) that counsel's performance was deficient and (2) that the deficiency was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984); see Lockhart v. Fretwell, 506 U.S. 364, 368-72 (1993). In other words, a showing that counsel's performance falls below a reasonable standard is not enough; rather, the petitioner must also show that but for the substandard performance, "the result of the proceeding would have been different." Strickland, 466 U.S.

at 694. The Strickland standard has been applied to the right to counsel under article I, section 9 of the Tennessee Constitution. State v. Melson, 772 S.W.2d 417, 419 n.2 (Tenn. 1989). In the context of a guilty plea, like the present case, the effective assistance of counsel is relevant only to the extent that it affects the voluntariness of the plea. Therefore, to satisfy the second prong of Strickland, the petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have [pled] guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); see also Walton v. State, 966 S.W.2d 54, 55 (Tenn. Crim. App. 1997).

Here, there is no evidence that the Petitioner would not have pled guilty and insisted on going to trial had trial counsel interviewed Ms. Reed. Ms. Reed was not present at the time of the offense, and the post-conviction court found her testimony not to be credible. Instead, trial counsel's investigator interviewed the Petitioner's great-aunt who witnessed the Petitioner open the latch on the door with a stick, enter the screened-in porch, and then attempt to enter the house by trying to disarm the alarm system and open a window. The Petitioner was apprehended by the police after fleeing from Ms. Reed's house. Based upon the foregoing, we conclude that the post-conviction court did not err in dismissing the petition. Accordingly, we affirm the judgment of the post-conviction court.

Upon consideration of the foregoing and the record as a whole, the judgment of the post-conviction court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE