# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs December 11, 2013

## STEVIE R. DICKSON v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Montgomery County**
No. 40700511      John H. Gasaway, Judge

---

**No.  M2013-01322-CCA-R3-PC - Filed April 21, 2014**

---

Petitioner, Stevie Dickson, was indicted by the Montgomery County Grand Jury for first degree murder, attempted first degree murder and aggravated assault.  Petitioner entered a best interest plea to second degree murder and attempted second degree murder.  He was sentenced to an effective sentence of twenty years.  Petitioner subsequently filed a petition for post-conviction relief arguing that he was afforded ineffective assistance of counsel.  After conducting an evidentiary hearing, the post-conviction court denied the petition.  On appeal, Petitioner argues that the post-conviction court erred.  After a thorough review of the record, we conclude that the record supports the post-conviction court's denial of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which ALAN E. GLENN and CAMILLE MCMULLEN, JJ., joined.

Gregory D. Smith, Clarksville, Tennessee, for the appellant, Stevie R. Dickson.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; John W. Carney, District Attorney General, and Arthur Bieber, Assistant District Attorney General for the appellee, State of Tennessee.

# OPINION

## *Factual Background*

The following facts were recited by the State at Petitioner's guilty plea hearing:

> On or about January 13[th], 2007, around 2:30 in the morning, at a location of Chapel Street and Locust Street in Clarksville, Montgomery County, Tennessee, a vehicle – the State would present was driven by [Petitioner], pulled up to a one Christopher Palmer and a Cameron Williams, shots were fired, the State – through witness, Decavius Duvall (phonetic), would testify that [Petitioner] was the man doing the shooting from the vehicle. Mr. Palmer was struck and injured and went to the hospital. Mr. Cameron Williams was struck, shot and killed at that time and in the vehicle was [Petitioner], the driver; they would say that Corey Gardner was in the back seat along with Decavius Duvall was also in the back seat of that vehicle, with a Quintin Dukes sitting in the passenger seat of that vehicle. The State would also bring a Joshua Dunlap, who would say that [Petitioner] told him while they were in jail together, that he admitted the shooting of Mr. Cameron Williams.

On April 19, 2010, Petitioner entered a best interest plea to one count of second degree murder and one count of attempted second degree murder in the Montgomery County Criminal Court. Petitioner was sentenced to an effective twenty-year sentence to be served at 100 percent.

On April 13, 2011, Petitioner filed a pro se petition for post-conviction relief. The post-conviction court appointed counsel. On February 7, 2013, the post-conviction court conducted an evidentiary hearing. At the hearing, Petitioner testified that he felt that he did not have any other option than to enter his guilty plea. He stated that trial counsel did not speak with him enough prior to the entry of his plea. He also stated that one of the witnesses to whom the State referred in the plea colloquy, Joshua Dunlap, later contacted Petitioner and recanted his version of events. Furthermore, a witness named "Cavious" claimed that he was the person who had shot the victim. However, according to Petitioner, Cavious "was currently on the run from the law."

Trial counsel also testified at the hearing. He stated that he met with Petitioner multiple times. He also hired a private investigator. Trial counsel remembered that he went over the discovery responses with Petitioner and obtained a transcript of the preliminary hearing. At the time trial counsel was representing Petitioner, Petitioner was wearing an ankle bracelet because he was under juvenile court supervision. However, the day of the incident in question, the bracelet had been deactivated.

Trial counsel testified that he remembered the witness, Joshua Dunlap. He stated that Mr. Dunlap would not speak with him at the time of Petitioner's plea. Mr. Dunlap had his own attorney. Trial counsel's expectation was that Mr. Dunlap would testify that Petitioner was the person who fired the gun. The private investigator who had been hired by trial counsel spoke with another occupant of the car on the night in question. This witness would have testified that he did not know who the shooter was. Trial counsel stated he met with Petitioner, Petitioner's family, and the private investigator in order to lay out a defense. One possibility for a witness was discussed, however, it was discovered that the potential witness was deceased. Trial counsel stated that he discussed the plea offer with Petitioner. He stated that he specifically explained the "best interest" plea prior to entry of the plea.

The post-conviction court denied the petition in a written order. The post-conviction court made the following findings:

(A) Ineffective Assistance of Counsel

Regarding the petitioner's ineffective assistance of counsel claim, [Appellant] argues that counsel met with him only briefly, did not provide the petitioner with a copy of discovery, and did not investigate the petitioner's electronic monitoring system. The court does not find this testimony credible; rather, the Court accredits [trial counsel's] testimony. [Trial counsel] testified that he had no problems communicating with the petitioner effectively. Counsel provided the petitioner with all discovery in this case and investigated the electronic monitoring issue only to find that the ankle monitoring bracelet had been deactivated by the day of the offense. [Trial counsel] also retained an investigator who interviewed witnesses and followed leads identified by the petitioner. Counsel testified that after his investigation, he reviewed the investigative findings with the petitioner before the petitioner decided to enter a best interest plea. Counsel's performance in preparing for this case cannot be considered deficient. Accordingly, the Court concludes that counsel did not render ineffective assistance in this case. [FN5]

[FN5 The petitioner also presented no evidence regarding his claims that counsel failed to explain the mens rea element of the charged offenses and that counsel failed to seek bond for the petitioner. Thus, he has failed to establish these factual claims by clear and convincing evidence.]

(B) Unknowing and Involuntary Guilty Plea

The petitioner argues that counsel's actions rendered his ([Petitioner's]) guilty plea unknowing and involuntary. However, as explained above, counsel conducted a more-than-adequate investigation in this case and related the findings of his investigation to the petitioner. Counsel testified that he and the petitioner met twice regarding the plea agreement; at the first meeting, the two men discussed the proposed agreement, and one week later [Petitioner] told [trial counsel] that he (the petitioner) would accept the deal. At the plea submission hearing, the petitioner admitted that he understood the terms of the plea agreement and acknowledged that the plea was in his best interest. The petitioner now argues that he only entered the plea because he felt compelled to do so, but such a conclusion is not reasonable given [trial counsel's] testimony.

[Petitioner] also argues that had he known that Mr. Dunlap's proposed testimony would have been perjured, he would not have pled guilty. However, Mr. Dunlap did not testify at the post-conviction hearing, nor did the petitioner introduce Mr. Dunlap's supposed letter regarding the "perjured" testimony into evidence, so the Court cannot accredit the petitioner's testimony regarding Mr. Dunlap. Also, the petitioner claimed to have received the Dunlap letter after entering his plea, and [trial counsel] was unable to speak to Mr. Dunlap before trial given Mr. Dunlap's own plea, so there is no evidence that the petitioner or counsel could have known about Mr. Dunlap's supposedly perjured testimony before trial. In short, there is not evidence to support the petitioner's assertion that his best interest plea was entered unknowingly or involuntarily. The petitioner is therefore not entitled to post-conviction relief.

## **ANALYSIS**

On appeal, Petitioner argues that the post-conviction court erred in denying his petition because he was afforded ineffective assistance of counsel. The State disagrees.

## Post-conviction Standard of Review

The post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates otherwise. *See State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). During our review of the issues raised, we will afford those findings of fact the weight of a jury verdict, and this Court is bound by the post-conviction court's findings unless the evidence in the record preponderates against those findings. *See Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997); *Alley v. State*, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997). This Court may not re-weigh or re-evaluate the evidence, nor substitute its inferences for those drawn by the post-conviction court. *See State v. Honeycutt*, 54 S.W.3d 762, 766 (Tenn. 2001). However, the post-conviction court's conclusions of law are reviewed under a purely de novo standard with no presumption of correctness. *See Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001).

## Ineffective Assistance of Counsel

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, the petitioner bears the burden of showing by clear and convincing evidence that "(a) the services rendered by trial counsel were deficient and (b) that the deficient performance was prejudicial." *See Powers v. State*, 942 S.W.2d 551, 558 (Tenn. Crim. App. 1996); *see also* T.C.A. § 40-30-110(f). In order to demonstrate deficient performance, the petitioner must show that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). "Because a petitioner must establish both prongs of the test to prevail on a claim of ineffective assistance of counsel, failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim." *Henley*, 960 S.W.2d at 580.

As noted above, this Court will afford the post-conviction court's factual findings a presumption of correctness, rendering them conclusive on appeal unless the record preponderates against the court's findings. *See id.* at 578. However, our supreme court has "determined that the issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact . . .; thus, [appellate] review of [these issues] is de novo" with no presumption of correctness. *Burns*, 6 S.W.3d at 461.

Furthermore, on claims of ineffective assistance of counsel, Petitioner is not entitled to the benefit of hindsight. *See Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). This Court may not second-guess a reasonably-based trial strategy, and we cannot grant relief based on a sound, but unsuccessful, tactical decision made during the course of the proceedings. *See id.* However, such deference to the tactical decisions of counsel applies

only if counsel makes those decisions after adequate preparation for the case. *See Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Once a guilty plea has been entered, effectiveness of counsel is relevant only to the extent that it affects the voluntariness of the plea. In this respect, such claims of ineffective assistance necessarily implicate the principle that guilty pleas be voluntarily and intelligently made. *See Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (citing *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). As stated above, in order to successfully challenge the effectiveness of counsel, Petitioner must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases. *See Baxter*, 523 S.W.2d at 936. Under *Strickland v. Washington*, Petitioner must establish: (1) deficient representation; and (2) prejudice resulting from the deficiency. 466 U.S. 668, 694 (1984). However, in the context of a guilty plea, to satisfy the second prong of *Strickland*, Petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59; *see also Walton v. State*, 966 S.W.2d 54, 55 (Tenn. Crim. App. 1997).

Petitioner has failed to show that but for trial counsel's alleged deficiencies, he would have refused to plead guilty and insisted on going to trial. Petitioner testified that trial counsel did not meet with him very many times before entering his guilty plea, that one of the State's star witnesses wrote a letter to him recanting his testimony, and he felt that entering into a guilty plea was his only option. Trial counsel testified that he met with Petitioner several times and that he hired a private investigator to investigate his case. Trial counsel stated that he attempted to speak with the witness in question, but the witness had his own attorney and refused to speak with him. The post-conviction court specifically found trial counsel's testimony to be credible. It is up to the trial court to determine credibility of witnesses and the post-conviction court's findings have the weight of a jury verdict. *Momon*, 18 S.W.3d at 156. Therefore, Petitioner has not proven that trial counsel's representation was deficient and that he would not have pled guilty if not for trial counsel's representation.

Furthermore, the transcript of the guilty plea hearing reflects that the trial court discussed the ramifications of the guilty plea with Petitioner. He was thoroughly questioned by the trial court to ascertain whether he understood the effects of the plea. The plea hearing also indicates that Petitioner knew what he was doing, understood the plea, and agreed that it was what he wanted to do to resolve the case. Petitioner has failed to show by clear and convincing evidence that he received ineffective assistance of counsel or that his guilty plea was involuntary. Moreover, Petitioner has failed to prove he did not understand the consequences of his plea.

## CONCLUSION

For the foregoing reasons, we affirm the post-conviction court's denial of the petition for post-conviction relief.

_____

JERRY L. SMITH, JUDGE