IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs November 7, 2017

## CHARVASEA LANCASTER v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Madison County**
**No. C-15-65     Donald H. Allen, Judge**

_____

### No. W2017-00553-CCA-R3-PC

_____

The Petitioner, Charvasea Lancaster, appeals from the Madison County Circuit Court's denial of his petition for post-conviction relief.  The Petitioner contends that his guilty pleas were not knowingly and voluntarily entered because his trial counsel was ineffective in explaining the possible sentencing outcomes to him.  Following our review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ROBERT L. HOLLOWAY, JR., JJ., joined.

George Morton Googe, District Public Defender; and Gregory D. Gookin, Assistant District Public Defender, for the appellant, Charvasea Lancaster.

Herbert H. Slatery III, Attorney General and Reporter; Caitlin Smith, Assistant Attorney General; Jody S. Pickens, District Attorney General; and Alfred Lynn Earls, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTUAL BACKGROUND

In June 2014, the Petitioner, sixteen years old at the time, entered open guilty pleas to one count of aggravated burglary, one count of burglary, two counts of vehicle burglary, and seven counts of theft of property in various amounts.  See State v. Charvasea Rodshun Lancaster, No. W2015-00936-CCA-R3-CD, 2016 WL 6915578, at *1 (Tenn. Crim. App. Nov. 22, 2016).  The convictions arose out of a crime spree in September and October 2013 during which the Petitioner stole four vehicles, three lawn mowers, an ATV, and a trailer.  Id.

At the plea submission hearing, the trial court explained to the Petitioner that there would be a separate sentencing hearing where the trial court would decide the Petitioner's sentence. The Petitioner stated that he understood this. The trial court reviewed the range of punishments for each offense with the Petitioner, and the Petitioner stated that he understood them. The trial court also explained to the Petitioner that it could order some of his sentences to be served consecutively, and the Petitioner stated that he understood that.

Following a sentencing hearing, the trial court ordered that four of the Petitioner's eleven sentences be served consecutively, for a total effective sentence of twenty-two years. The trial court also imposed over $8,500 in restitution to the Petitioner's victims. On delayed appeal, this court affirmed the Petitioner's total effective sentence. Lancaster, 2016 WL 6915578, at *4. The Petitioner did not seek permission to appeal to our supreme court.

The Petitioner timely filed a pro se petition for post-conviction relief alleging that he received ineffective assistance of his trial counsel because she had informed him that he would receive a six-year sentence if he pled guilty. At the post-conviction hearing, the Petitioner testified that when he pled guilty, he had no idea he could get a sentence as high as twenty-two years. The Petitioner explained that trial counsel had only discussed with him a possible sentence of "six [years] or probation or something like that."

However, the Petitioner admitted that trial counsel had discussed "numbers" with him and that she told him that the trial court could sentence him to "whatever [it] want[ed] to give [him]." The Petitioner also admitted that he had confessed to the offenses and that the trial court had reviewed with him the open nature of his plea agreement. The Petitioner further admitted that he thought trial counsel had "fought for [him]," but the Petitioner "felt like [trial counsel] could have done better" and gotten him "another kind of plea or something like that."

Trial counsel testified that the Petitioner's case "was a very difficult case . . . because there were so many victims and so many items that were taken." Trial counsel recalled that she met with the Petitioner "on several occasions" and "went over the case backwards and forwards" with him. With respect to the plea negotiations, trial counsel recalled that the State would only agree to an open plea and "was not willing to do any type of negotiated sentence."

Trial counsel explained that the reason for the State's unwillingness to negotiate a sentence was because the Petitioner had confessed to the offenses. The Petitioner had "[j]ust turned" sixteen at the time of his arrest. According to trial counsel, the Petitioner's mother entered the room where the Petitioner was being questioned and, while the investigator was out of the room, the Petitioner's "mother started fussing at him

and asking him what happened and he just spilled the beans and everything was recorded." Trial counsel further recalled that "[o]nce the investigator came [back], [the Petitioner's] mom said, 'You better tell him exactly what you told me,' and [the Petitioner] spilled the beans again."

Trial counsel testified that she explained to the Petitioner that the length and manner of service of his sentences would be decided by the trial court and that there were "a variety of ways that the sentence could play out." Contrary to the Petitioner's claims, trial counsel testified that she explained to the Petitioner that the chances of him getting a six-year sentence were "slim to none." Trial counsel recalled that she "talked numbers" with the Petitioner and "played with them to see what he could possibly get." Trial counsel also testified that she "was overly prepared for trial" had the Petitioner decided not to plead guilty.

Based upon the foregoing, the post-conviction court denied the petition. The post-conviction court accredited the testimony of trial counsel. It concluded that there was "no evidence that the [P]etitioner desired to go to trial" and that the Petitioner had entered his guilty pleas "knowingly and voluntarily and [they] were not subject to force or coercion." This timely appeal followed.

**ANALYSIS**

The Petitioner contends that his guilty pleas were not voluntarily and knowingly entered. The Petitioner argues that trial counsel was ineffective because the Petitioner "expected to receive a sentence of six years" and he "had no idea that he would be sentenced to twenty-two years." The State responds that the post-conviction court did not err in denying the petition.

The burden in a post-conviction proceeding is on the petitioner to prove his allegations of fact supporting his grounds for relief by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f); see Dellinger v. State, 279 S.W.3d 282, 293-94 (Tenn. 2009). On appeal, we are bound by the post-conviction court's findings of fact unless we conclude that the evidence in the record preponderates against those findings. Fields v. State, 40 S.W.3d 450, 456 (Tenn. 2001). Additionally, "questions concerning the credibility of witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved" by the post-conviction court. Id. However, we review the post-conviction court's application of the law to its factual findings de novo with no presumption of correctness. Id. at 457.

Post-conviction relief is available when a "conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103.

Criminal defendants are constitutionally guaranteed the right to effective assistance of counsel. Dellinger, 279 S.W.3d at 293 (citing U.S. Const. amend. VI; Cuyler v. Sullivan, 446 U.S. 335, 344 (1980)). When a claim of ineffective assistance of counsel is made under the Sixth Amendment to the United States Constitution, the burden is on the petitioner to show (1) that counsel's performance was deficient and (2) that the deficiency was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984); see Lockhart v. Fretwell, 506 U.S. 364, 368-72 (1993).

Deficient performance requires a showing that "counsel's representation fell below an objective standard of reasonableness," despite the fact that reviewing courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 688-89. Prejudice requires proof of "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "Because a petitioner must establish both prongs of the test, a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim." Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996). The Strickland standard has been applied to the right to counsel under article I, section 9 of the Tennessee Constitution. State v. Melson, 772 S.W.2d 417, 419 n.2 (Tenn. 1989).

In the context of a guilty plea, like the present case, the effective assistance of counsel is relevant only to the extent that it affects the voluntariness of the plea. Therefore, to satisfy the second prong of Strickland, the petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have [pled] guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); see also Walton v. State, 966 S.W.2d 54, 55 (Tenn. Crim. App. 1997).

Here, the post-conviction court accredited trial counsel's testimony that she explained to the Petitioner that his sentences would be up to the trial court and that his chances of getting a six-year sentence were "slim to none." Trial counsel further testified that she "talked numbers" with the Petitioner and "played with them to see what he could possibly get." Additionally, at the plea submission hearing, the trial court explained and the Petitioner stated that he understood that his sentences would be determined at a separate sentencing hearing and that some of his sentences could be served consecutively. Accordingly, we conclude that the post-conviction court did not err in denying the petition.

## CONCLUSION

Upon consideration of the foregoing and the record as a whole, the judgment of the post-conviction court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE