IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 10, 2018

## DARAMIS SHARKEY v. STATE OF TENNESSEE

Appeal from the Criminal Court for Shelby County
Nos. 12-02841, 12-02842, 12-02843, & 12-02844      Chris Craft, Judge

_____

No. W2017-01961-CCA-R3-PC
_____

The Petitioner, Daramis Sharkey, appeals as of right from the denial of his petition for post-conviction relief, wherein he challenged the validity of his guilty pleas to three counts of aggravated rape and four counts of aggravated burglary. On appeal, the Petitioner contends that he did not enter into his original guilty plea knowingly and voluntarily because his attorney provided ineffective assistance of counsel by inappropriately pressuring the Petitioner to enter into a plea deal rather than proceed with the jury trial. Following our review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which ALAN E. GLENN and CAMILLE R. MCMULLEN, JJ., joined.

Eric Mogy, Memphis, Tennessee, for the appellant, Daramis Sharkey.

Herbert H. Slatery III, Attorney General and Reporter; Caitlin Smith; Amy P. Weirich, District Attorney General; and Melanie Cox, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### FACTUAL BACKGROUND

On May 31, 2012, a Shelby County grand jury indicted the Petitioner for one count each of aggravated rape and aggravated burglary in three separate indictments, as well as one count of aggravated burglary in a fourth indictment. On July 1, 2014, the Petitioner entered an open guilty plea for one count each of aggravated rape and aggravated burglary in case number 12-02841. The Petitioner pled guilty to the

remaining charges in cases 12-02842, 12-02843, and 12-02844 on November 12, 2014, and he received a total effective sentence of sixty years' incarceration on all cases.

The following facts were stipulated to at the beginning of the guilty plea hearing on July 1, 2014:[1]

On September 4, 2011, . . . [the victim] was in her home alone. . . . She heard a noise that sounded like something falling and she went to investigate that noise and was met by [the Petitioner] coming out of the bathroom where he had come in through a window. And he put his hands on her and pushed her across the hall into another bedroom or really walked her across the hall backwards into another bedroom where he raped her.

During the course of the rape[,] she was able to get her cell phone and punch a speed dial button on it which dialed her daughter. . . . And her daughter . . . called back and when her mother did not answer she became concerned and called the land line phone to [the victim's] home. And that's when [the victim] answered it and . . . [said, "I]n the name of Jesus I'm being raped.["] And her daughter who lives a maximum of five minutes walking distance from her home immediately loaded up her family and went to her mother's home.

When [the Petitioner] grabbed the phone out of [the victim's] hand, she was able to escape and ran . . . out into her yard and hid until her daughter arrived. She was taken to the Rape Cris[i]s Center where [a doctor] examined her, found her to have gen[ital] injuries including several lacerations . . . as well as . . . redness and swelling to that area.

Fingerprints were obtained from the bathroom window in two different areas, the air conditioner outside the bathroom window and from the phone that [the Petitioner] touched. And those fingerprints were compared to a fingerprint card belonging to [the Petitioner] and were all shown to be his fingerprints at the scene. The rape kit collected by [the doctor] was sent to the TBI and tested. [The Petitioner's] DNA was found on the vulva swab as well as on a swab on her back where she stated he had touched her with his mouth.

---

[1] We note that the Petitioner's sole issue on appeal is his claim that trial counsel was ineffective in reference to case number 12-02841. Therefore, we will only include the underlying facts for case number 12-02841.

[The Petitioner] gave a statement to [police officers] admitting that he had entered her home on that date and that he was mistaken as to who she was or thought he was going to hook up with someone and realized it was not the person he intended to see but went ahead and proceeded with the sexual act anyway. He confirmed [the victim's] testimony by saying that during that time she continued to pray. He confirmed that the phone rang and that she told the person on the phone she was being raped.

During his guilty plea submission hearing, the Petitioner told the court that trial counsel had advised him of his rights and that he understood the rights he was waiving by entering a guilty plea. The Petitioner affirmed that he did in fact commit the crimes of which he was accused. The court asked the Petitioner the following questions:

Q. Okay. Let's talk about [trial counsel] for a minute. [Trial counsel] has been working on this case for way more than a year. We were in here before and you were given an offer of settlement. You turned that down and said you wanted a trial. Now, today we started your trial and you're saying you don't want a trial. Why is that?

A. I didn't want to see my victim come up here suffering. I didn't want her to relive what happened. So I didn't . . .

Q. Do you understand that she had to relive it to get ready for trial?

A. Yes, sir.

Q. Okay. Has [trial counsel] done everything for you that you wanted him to do to get ready for trial?

A. Yes, sir.

. . . .

Q. Okay. So from what I understand, you're pleading guilty. You want to spare the victim the testimony. You're pleading guilty because you are guilty; is that correct?

A. Yes, sir.

Q. Do you have any other questions you want to ask me at all about what you're doing?

A. No, sir.

-3-

The Petitioner timely filed a pro se petition for post-conviction relief from the judgments. Upon appointment of counsel, the Petitioner filed an amended petition, wherein he alleged ineffective assistance of counsel. A post-conviction evidentiary hearing was held on September 5, 2017.

During direct examination, the Petitioner averred that if he had a different attorney representing him at trial there was "a substantial chance of a different outcome." The Petitioner testified that he did not believe his attorney was "trying to help [him] at all[,]" rather he simply "want[ed] the money." When asked about deciding to plead guilty mid-trial to charges from the first indictment, case 12-02841, the Petitioner responded, "To be honest, . . . I know [I] said I wanted to plead guilty, but . . . that wasn't me. I promise that wasn't me. I promise that wasn't me. I took it all the way this far just so I can fight it." The Petitioner further explained,

> The only reason I [pled] guilty is because like . . . I was trying to explain to you, [trial counsel], deceived me. You know, once – he took me out of here and took me to the back room back there and started talking to me. Telling me if I was you I would go on ahead and sign for this time. This is . . . on one of them. On one of them he said because it will make the victims look at you as less of a monster and the prosecutor might work out a deal, you know. And then by him being my cousin I'm thinking he had my best [interests] at hand. So that's why I had went on and did it because I didn't want . . . [the victims] to look at me as a monster. You know, this charge – this stuff ain't me. I don't – I don't do that stuff. I promise I don't do that stuff.

The Petitioner testified that after listening to the advice of trial counsel, he did not believe he had any other choice. When asked why he decided to plead guilty, the Petitioner said that trial counsel "got up in [his] head[,]" "deceived" him, and "tricked" him. The Petitioner concluded his testimony by asserting that he did not "feel like [he] even raped anyone."

The Petitioner's trial counsel testified that the Petitioner was his cousin and that he represented the Petitioner in the charges related to case number 12-02841. Trial counsel testified that throughout the different stages of this case, the Petitioner gave no indication that he was having difficulty understanding the proceedings.

Trial counsel explained that trial had begun when the Petitioner decided to enter a guilty plea. Trial counsel said that the State was planning to call the victim to testify and that as the victim was about to walk into the courtroom, the Petitioner "pulled on [trial counsel's] coat and told him he wanted to speak with him." Trial counsel asked for a recess, during which time the Petitioner informed him that he wished to plead guilty.

Trial counsel testified that he advised the Petitioner that he was prepared to move forward with trial and that entering a guilty plea was the Petitioner's decision. Trial counsel stated that he fully explained to the Petitioner that he would be entering an "open plea" with no sentencing recommendation from the State. Trial counsel said that the Petitioner insisted on pleading guilty. On cross-examination, defense counsel asked trial counsel about the Petitioner's reason for wanting to plead guilty mid-trial, and he responded,

> [The Petitioner] said to me that he did not want to put the victim through this process again. And he said it three or four times. And he said that he's not a monster. He didn't, you know, want people to think he was a monster. He didn't want to put the victim through it.

The transcript of the Petitioner's guilty plea proceeding was entered as an exhibit at the post-conviction hearing.

The post-conviction court subsequently denied the petition. In its order denying the Petitioner relief, the post-conviction court found that the Petitioner accredited trial counsel's testimony over the Petitioner's. The post-conviction court found that the Petitioner failed to show either any deficiency in trial counsel's performance or any prejudice to the Petitioner by any alleged deficiency. The post-conviction court determined that the Petitioner's guilty pleas to all charges were "freely and voluntarily made, and knowingly and intelligently entered into, with an understanding of the nature and consequences of his pleas."

The Petitioner filed a timely notice of appeal.

## ANALYSIS

On appeal, the Petitioner argues that he received ineffective assistance of counsel because his trial counsel improperly influenced him to enter his July 1, 2014 guilty plea. The Petitioner argues that trial counsel coerced him into entering a guilty plea rather than moving forward with his trial in case number 12-02841. The Petitioner alleges that trial counsel "engaged in conduct that simply overcame [the] Petitioner's will." The Petitioner further asserts that he did not enter his guilty plea knowingly because trial counsel instructed him to "answer yes to everything the judge asked [the] Petitioner during the guilty plea." The State responds that the Petitioner received effective assistance of counsel and entered his guilty plea knowingly and voluntarily.

### I. Standard of Review

Post-conviction relief is available when a "conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of

Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103. The burden in a post-conviction proceeding is on the petitioner to prove his allegations of fact supporting his grounds for relief by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f); see Dellinger v. State, 279 S.W.3d 282, 293-94 (Tenn. 2009). On appeal, we are bound by the trial court's findings of fact unless we conclude that the evidence in the record preponderates against those findings. Fields v. State, 40 S.W.3d 450, 456 (Tenn. 2001). Additionally, "questions concerning the credibility of the witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved" by the post-conviction court. Id. Because they relate to mixed questions of law and fact, we review the trial court's conclusions as to whether counsel's performance was deficient and whether that deficiency was prejudicial under a de novo standard with no presumption of correctness. Id. at 457.

## II. Ineffective Assistance of Counsel

Criminal defendants are constitutionally guaranteed the right to effective assistance of counsel. Dellinger v. State, 279 S.W.3d 282, 293 (Tenn. 2009) (citing U.S. Const. amend. VI; Cuyler v. Sullivan, 446 U.S. 335, 344 (1980)). When a claim of ineffective assistance of counsel is made under the Sixth Amendment to the United States Constitution, the burden is on the petitioner to show (1) that counsel's performance was deficient and (2) that the deficiency was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984); see Lockhart v. Fretwell, 506 U.S. 364, 368-72 (1993). "Because a petitioner must establish both prongs of the test, a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim." Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996). The Strickland standard has been applied to the right to counsel under article I, section 9 of the Tennessee Constitution. State v. Melson, 772 S.W.2d 417, 419 n.2 (Tenn. 1989).

Deficient performance requires a showing that "counsel's representation fell below an objective standard of reasonableness," despite the fact that reviewing courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 688-89. Prejudice requires proof of "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. In reviewing counsel's conduct, a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. at 689. "Thus, the fact that a particular strategy or tactic failed or even hurt the defense does not, alone, support a claim of ineffective assistance." Cooper v. State, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992). Deference is made to trial strategy

or tactical choices if they are informed ones based upon adequate preparation. Hellard v. State, 629 S.W. 2d 4, 9 (Tenn. 1982).

In the context of a guilty plea, the effective assistance of counsel is relevant only to the extent that is affects the voluntariness of the plea. Therefore, to satisfy the second prong of Strickland, the petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); see also Walton v. State, 966 S.W.2d 54, 55 (Tenn. Crim. App. 1997).

As an initial matter, we note that the allegations of ineffective assistance of counsel in the Petitioner's original post-conviction petition and his amended petition differ from the issue he raises on appeal. In his amended petition, the petition alleges that trial counsel was ineffective for the following reasons: (1) trial counsel failed to properly investigate the Petitioner's "altered mental status"; (2) trial counsel failed to ensure the Petitioner was "transferred to an appropriate mental health facility for proper treatment"; (3) trial counsel failed to properly "research the victim's claims including the lack of injuries sustained by client"; (4) trial counsel failed to properly advise Petitioner about the nature of the charges against him and potential punishments; (5) trial counsel failed to properly explain the terms of the negotiated plea agreement with the Petitioner; (6) trial counsel failed to ensure that the Petitioner "had taken his mental health medication to ensure [that the] Petitioner was of the right mind to enter a guilty plea"; and (7) trial counsel failed to "properly question police as to [the] Petitioner's mental status during the course of the investigation." Although the Petitioner presented proof on these issues at the post-conviction hearing, the Petitioner failed to argue any of these issues on appeal. Thus, these issues are waived. See Tenn. R. App. P. 27(a)(7); Tenn. Ct. Crim. App. R. 10(b).

Moreover, the Petitioner failed to include his claim that trial counsel was ineffective for improperly influencing his decision to enter a guilty plea for case number 12-02841 in either his original or amended petition for post-conviction relief. Thus, the Petitioner has waived review of this issue. See Tenn. Code Ann. § 40-30-106(d) ("The petition must contain a clear and specific statement of all grounds upon which relief is sought, including full disclosure of the factual basis of those grounds"); see e.g. Rachris R. Thomas v. State, W2017-00912-CCA-R3-PC, 2018 WL 3387473, at *6 (Tenn. Crim. App. July 11, 2018) (holding that the issue the petitioner raised on appeal was waived for failure to include the claim in his original or amended petitions for post-conviction relief). Waiver notwithstanding, the Petitioner would not be entitled to relief on the basis of this issue. This issue was developed at the post-conviction hearing, and the State failed to object to this issue being presented, despite its omission in the original and amended petitions for post-conviction relief. The post-conviction court considered the

testimony given during the hearing regarding the Petitioner's claim, decided that he did not believe the Petitioner's will was overridden, and ruled that trial counsel did not improperly influence the Petitioner regarding his guilty plea for case number 12-02841. The post-conviction court accredited trial counsel's testimony over that of the Petitioner, and the Petitioner failed to meet his burden of demonstrating any deficient performance or that he was prejudiced by any alleged deficiency in counsel's advice regarding the original guilty plea. Therefore, the Petitioner is not entitled to relief.

## CONCLUSION

Based upon consideration of the foregoing and the record as a whole, the post-conviction court's denial of the petition for post-conviction relief is affirmed.

_____

D. KELLY THOMAS, JR., JUDGE